Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------X

YOVERLY NUAMAN CRUZ, JOSE CARLOS DE OLIVEIRA, JOSE ALEXI VIGIL ARGUETA, ROBERTO SHULQUI, SANTOS WILMER ARGUETA VIGIL, ROBERTO ISAIAS ORTIZ VIVANCO, OMAR EDUCARDO BALTEZAR MOTA, LUIS FLORESMILO SIMBA BARRIONUEVO, JULIO CESAR FARIAS MEDINA, JUAN ELIAS CHANCHICOCHA CHANGOLUISA, JORGE R LLUMITASIG SILLAGANA, HOLGUER ESTUARDO CHANCHICOCHA PULLUTASI CIUDADANIA, ESCALONA GUILLERMO, GILBER HUAMAN VASQUEZ, GEOVANNY PATRICIO ZOTO AYALA, FRANKLIN ARMANDO IZA TIPANQUIZA, ESTEBAN E. LOPEZ CASIA, EMERSON ALTAMIRANO VASQUEZ, ELIMAR J. FIGUEIREDO OLIVEIRA, EFRAIN BO MAAS, EDWIN FABIAN JATI IZA SALCEDO, DILMER ALTAMIRANO SALOMA, DEIMAN VASQUEZ RIMARACHI, LUIS IVAN GUACHAMBALA CHIMBO, CESAR OSWALDO VIVAS ICHAPANTA, CELSO AJXUP CAGUAY, CARLOS VIVANCO CARRILLO, CARLA PATRICIA ARCOS JACOME, ALDO TOME, LUIS FABIAN CHACHA SHULQUI, individually and on behalf of all others similarly situated,

   Plaintiffs,

-against-

LEGACY CONTRACTOR NYC LLC, KLSCONTRACTORS1 LLC, RISE CONCRETE LLC, RISE DEVELOPMENT PARTNERS, LLC and BARRY PHILIP CALDWELL, JOSE ALVAREZ and MARTIN J. BRUTON, as individuals,

   Defendants.

---------------------------------------------------------------------------X

**CLASS/COLLECTIVE ACTION COMPLAINT**

JURY TRIAL REQUESTED

Plaintiffs, **JOSE CARLOS DE OLIVEIRA, YOVERLY NUAMAN CRUZ, JOSE ALEXI VIGIL ARGUETA, ROBERTO SHULQUI, SANTOS WILMER ARGUETA VIGIL, ROBERTO ISAIAS ORTIZ VIVANCO, OMAR EDUCARDO BALTEZAR MOTA, LUIS FLORESMILO SIMBA BARRIONUEVO, JULIO CESAR FARIAS MEDINA, JUAN ELIAS CHANCHICOCHA CHANGOLUISA, JORGE R LLUMITASIG SILLAGANA, HOLGUER ESTUARDO CHANCHICOCHA PULLUTASI CIUDADANIA, ESCALONA GUILLERMO, GILBER HUAMAN VASQUEZ, GEOVANNY PATRICIO ZOTO AYALA, FRANKLIN ARMANDO IZA TIPANQUIZA, ESTEBAN E. LOPEZ CASIA, EMERSON ALTAMIRANO VASQUEZ, ELIMAR J. FIGUEIREDO OLIVEIRA, EFRAIN BO MAAS, EDWIN FABIAN JATI IZA SALCEDO, DILMER ALTAMIRANO SALOMA, DEIMAN VASQUEZ RIMARACHI, LUIS IVAN GUACHAMBALA CHIMBO, CESAR OSWALDO VIVAS ICHAPANTA, CELSO AJXUP CAGUAY, CARLOS VIVANCO CARRILLO, CARLA PATRICIA ARCOS JACOME, ALDO TOME, LUIS FABIAN CHACHA SHULQUI** individually and on behalf of all others similarly situated, (hereinafter referred to as "Plaintiffs"), by their attorneys at Helen F. Dalton & Associates, P.C., allege, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs, individually and on behalf of all others similarly situated, through undersigned counsel, bring this action against **LEGACY CONTRACTOR NYC LLC, KLSCONTRACTORS1 LLC, RISE CONCRETE LLC, RISE DEVELOPMENT PARTNERS, LLC and BARRY PHILIP CALDWELL, JOSE ALVAREZ and MARTIN J. BRUTON, as individuals**, (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment at **LEGACY CONTRACTOR NYC LLC, KLSCONTRACTORS1 LLC, RISE CONCRETE LLC, and RISE DEVELOPMENT PARTNERS, LLC** located at 25-52 Crescent Street, Astoria, New York 11102; 217 North Highland Avenue, Apt 1317, Ossining, New York, 10562; and 430 3rd Avenue, Brooklyn, New York 11215-3117.

2.    As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4.    This Court has supplemental jurisdiction over Plaintiffs' other state law claims pursuant to 28 U.S.C. §1367.

5.    Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

6.    The Plaintiffs primarily performed work for the Defendants including but not limited to, at *159 Boerum Street Brooklyn, New York, 11206* and it is this location that Plaintiffs alleged they were not properly compensated, forming the basis of the instant lawsuit.

7.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES
### *The Plaintiffs*

8.    Plaintiff **YOVERLY NUAMAN CRUZ,** residing in Bronx, New York, was employed by Defendants LEGACY CONTRACTOR NYC LLC, KLSCONTRACTORS1 LLC, RISE CONCRETE LLC, and RISE DEVELOPMENT PARTNERS, LLC, from in or around January 2023 until in or around September 2023.

9.    Plaintiff **JOSE CARLOS DE OLIVEIRA**, residing in Newark, New Jersey, was employed by Defendants LEGACY CONTRACTOR NYC LLC, KLSCONTRACTORS1 LLC, RISE CONCRETE LLC, and RISE DEVELOPMENT PARTNERS, LLC, from in or around January 2021 until in or around August 2023.

10.    Plaintiff **JOSE ALEXI VIGIL ARGUETA,** residing in Uniondale, New York, was employed by Defendants LEGACY CONTRACTOR NYC LLC, KLSCONTRACTORS1

LLC, RISE CONCRETE LLC, and RISE DEVELOPMENT PARTNERS, LLC, from in or around September 2019 until in or around September 2023.

11. Plaintiff **ROBERTO SHULQUI** residing in Brooklyn, New York, was employed by Defendants LEGACY CONTRACTOR NYC LLC, KLSCONTRACTORS1 LLC, RISE CONCRETE LLC, and RISE DEVELOPMENT PARTNERS, LLC, from in or around January 2023 until in or around July 2023.

12. Plaintiff **SANTOS WILMER ARGUETA VIGIL,** residing in Uniondale, New York, was employed by Defendants LEGACY CONTRACTOR NYC LLC, KLSCONTRACTORS1 LLC, RISE CONCRETE LLC, and RISE DEVELOPMENT PARTNERS, LLC, from in or around February 2023 until in or around September 2023.

13. Plaintiff **ROBERTO ISAIAS ORTIZ VIVANCO,** residing in Brooklyn, New York, was employed by Defendants LEGACY CONTRACTOR NYC LLC, KLSCONTRACTORS1 LLC, RISE CONCRETE LLC, and RISE DEVELOPMENT PARTNERS, LLC, from in or around May 2023 until in or around September 2023.

14. Plaintiff **OMAR EDUCARDO BALTEZAR MOTA,** residing in Richmond Hill, New York, was employed by Defendants LEGACY CONTRACTOR NYC LLC, KLSCONTRACTORS1 LLC, RISE CONCRETE LLC, and RISE DEVELOPMENT PARTNERS, LLC, from in or around April 2023 until in or around October 2023.

15. Plaintiff **LUIS FLORESMILO SIMBA BARRIONUEVO,** residing in Brooklyn, New York, was employed by Defendants LEGACY CONTRACTOR NYC LLC, KLSCONTRACTORS1 LLC, RISE CONCRETE LLC, and RISE DEVELOPMENT PARTNERS, LLC, from in or around June 2023 until in or around September 2023.

16. Plaintiff **JULIO CESAR FARIAS MEDINA,** residing in Brooklyn, New York, was employed by Defendants LEGACY CONTRACTOR NYC LLC, KLSCONTRACTORS1 LLC, RISE CONCRETE LLC, and RISE DEVELOPMENT PARTNERS, LLC, from in or around June 2023 until in or around September 2023.

17. Plaintiff **JUAN ELIAS CHANCHICOCHA CHANGOLUISA,** residing in East Elmhurst, New York, was employed by Defendants LEGACY CONTRACTOR NYC LLC, KLSCONTRACTORS1 LLC, RISE CONCRETE LLC, and RISE DEVELOPMENT PARTNERS, LLC, from in or around January 2021 until in or around August 2023.

18.    Plaintiff **JORGE R LLUMITASIG SILLAGANA,** residing in Brooklyn, New York, was employed by Defendants LEGACY CONTRACTOR NYC LLC, KLSCONTRACTORS1 LLC, RISE CONCRETE LLC, and RISE DEVELOPMENT PARTNERS, LLC, from in or around March 2021 until in or around September 2023.

19.    Plaintiff **HOLGUER ESTUARDO CHANCHICOCHA PULLUTASI CIUDADANIA**, residing in Brooklyn, New York, was employed by Defendants LEGACY CONTRACTOR NYC LLC, KLSCONTRACTORS1 LLC, RISE CONCRETE LLC, and RISE DEVELOPMENT PARTNERS, LLC, from in or around April 2023 until in or around August 2023.

20.    Plaintiff **ESCALONA GUILLERMO**, residing in Elmhurst, New York, was employed by Defendants LEGACY CONTRACTOR NYC LLC, KLSCONTRACTORS1 LLC, RISE CONCRETE LLC, and RISE DEVELOPMENT PARTNERS, LLC, from in or around August 2023 until in or around November 2023.

21.    Plaintiff **GILBER HUAMAN VASQUEZ**, residing in Bronx, New York, was employed by Defendants LEGACY CONTRACTOR NYC LLC, KLSCONTRACTORS1 LLC, RISE CONCRETE LLC, and RISE DEVELOPMENT PARTNERS, LLC, from in or around May 2023 until in or around September 2023.

22.    Plaintiff **GEOVANNY PATRICIO ZOTO AYALA**, residing in Bronx, New York, was employed by Defendants LEGACY CONTRACTOR NYC LLC, KLSCONTRACTORS1 LLC, RISE CONCRETE LLC, and RISE DEVELOPMENT PARTNERS, LLC, from in or around December 2020 until in or around September 2023.

23.    Plaintiff **FRANKLIN ARMANDO IZA TIPANQUIZA**, residing in Brooklyn, New York, was employed by Defendants LEGACY CONTRACTOR NYC LLC, KLSCONTRACTORS1 LLC, RISE CONCRETE LLC, and RISE DEVELOPMENT PARTNERS, LLC, from in or around April 2023 until in or around August 2023.

24.    Plaintiff **ESTEBAN E. LOPEZ CASIA**, residing in Woodhaven, New York, was employed by Defendants LEGACY CONTRACTOR NYC LLC, KLSCONTRACTORS1 LLC, RISE CONCRETE LLC, and RISE DEVELOPMENT PARTNERS, LLC, from in or around March 2022 until in or around September 2023.

25.    Plaintiff **EMERSON ALTAMIRANO VASQUEZ**, residing in Bronx, New York, was employed by Defendants LEGACY CONTRACTOR NYC LLC, KLSCONTRACTORS1

LLC, RISE CONCRETE LLC, and RISE DEVELOPMENT PARTNERS, LLC, from in or around August 2022 until in or around September 2023.

26. Plaintiff **ELIMAR J. FIGUEIREDO OLIVEIRA**, residing in Newark, New Jersey, was employed by Defendants LEGACY CONTRACTOR NYC LLC, KLSCONTRACTORS1 LLC, RISE CONCRETE LLC, and RISE DEVELOPMENT PARTNERS, LLC, from in or around February 2023 until in or around September 2023.

27. Plaintiff **EFRAIN BO MAAS**, residing in Franklin Square, New York, was employed by Defendants LEGACY CONTRACTOR NYC LLC, KLSCONTRACTORS1 LLC, RISE CONCRETE LLC, and RISE DEVELOPMENT PARTNERS, LLC, from in or around February 2021 until in or around September 2023.

28. Plaintiff **EDWIN FABIAN JATI IZA SALCEDO**, residing in East Elmhurst, New York, was employed by Defendants LEGACY CONTRACTOR NYC LLC, KLSCONTRACTORS1 LLC, RISE CONCRETE LLC, and RISE DEVELOPMENT PARTNERS, LLC, from in or around May 2023 until in or around September 2023.

29. Plaintiff **DILMER ALTAMIRANO SALOMA**, residing in New York, was employed by Defendants LEGACY CONTRACTOR NYC LLC, KLSCONTRACTORS1 LLC, RISE CONCRETE LLC, and RISE DEVELOPMENT PARTNERS, LLC, from in or around April 2023 until in or around September 2023.

30. Plaintiff **DEIMAN VASQUEZ RIMARACHI**, residing in Bronx, New York, was employed by Defendants LEGACY CONTRACTOR NYC LLC, KLSCONTRACTORS1 LLC, RISE CONCRETE LLC, and RISE DEVELOPMENT PARTNERS, LLC, from in or around August 2019 until in or around September 2023.

31. Plaintiff **LUIS IVAN GUACHAMBALA CHIMBO**, residing in Brooklyn, New York, was employed by Defendants LEGACY CONTRACTOR NYC LLC, KLSCONTRACTORS1 LLC, RISE CONCRETE LLC, and RISE DEVELOPMENT PARTNERS, LLC, from in or around June 2023 until in or around September 2023.

32. Plaintiff **CESAR OSWALDO VIVAS ICHAPANTA**, residing in Brooklyn, New York, was employed by Defendants LEGACY CONTRACTOR NYC LLC, KLSCONTRACTORS1 LLC, RISE CONCRETE LLC, and RISE DEVELOPMENT PARTNERS, LLC, from in or around February 2023 until in or around September 2023.

33. Plaintiff **CELSO AJXUP CAGUAY**, residing in Brooklyn, New York, was employed by Defendants LEGACY CONTRACTOR NYC LLC, KLSCONTRACTORS1 LLC, RISE CONCRETE LLC, and RISE DEVELOPMENT PARTNERS, LLC, from in or around March 2020 until in or around September 2023.

34. Plaintiff **CARLOS VIVANCO CARRILLO**, residing in Richmond Hill, New York, was employed by Defendants LEGACY CONTRACTOR NYC LLC, KLSCONTRACTORS1 LLC, RISE CONCRETE LLC, and RISE DEVELOPMENT PARTNERS, LLC, from in or around June 2023 until in or around September 2023.

35. Plaintiff **CARLA PATRICIA ARCOS JACOME**, residing in Ridgewood, New York, was employed by Defendants LEGACY CONTRACTOR NYC LLC, KLSCONTRACTORS1 LLC, RISE CONCRETE LLC, and RISE DEVELOPMENT PARTNERS, LLC, from in or around May 2023 until in or around September 2023.

36. Plaintiff **ALDO TOME**, residing in Astoria, New York, was employed by Defendants LEGACY CONTRACTOR NYC LLC, KLSCONTRACTORS1 LLC, RISE CONCRETE LLC, and RISE DEVELOPMENT PARTNERS, LLC, from in or around December 2021 until in or around September 2023.

37. Plaintiff **LUIS FABIAN CHACHA SHULQUI**, residing in Brooklyn, New York, was employed by Defendants LEGACY CONTRACTOR NYC LLC, KLSCONTRACTORS1 LLC, RISE CONCRETE LLC, and RISE DEVELOPMENT PARTNERS, LLC, from in or around January 2023 until in or around November 2023.

### *Corporate Defendants*
### LEGACY CONTRACTOR NYC LLC

38. Defendant LEGACY CONTRACTOR NYC LLC is a foreign limited liability company, organized under the laws of the State of New York with a principal executive office and service of process address located at 25-52 Crescent Street, Astoria, New York, 11102.

39. At all relevant times hereto, Defendant LEGACY CONTRACTOR NYC LLC, through its agents, officers, managers and supervisors, maintained direct control, oversight, and direct supervision over their employees including Plaintiffs in the performance of their duties, which among others include scheduling of work and payment of wages.

40. Accordingly, at all relevant times hereto, Defendant LEGACY CONTRACTOR NYC LLC was Plaintiff's employer within the meaning and the intent of the FLSA and the NYLL.

## KLSCONTRACTORS1 LLC

41. Defendant KLSCONTRACTORS1 LLC is a domestic limited liability company, organized under the laws of the State of New York with a principal executive office and service of process address located at 217 North Highland Avenue, Apt 1317, Ossining, New York, 10562.

42. At all relevant times hereto, Defendant KLSCONTRACTORS1 LLC, through its agents, officers, managers and supervisors, maintained direct control, oversight, and direct supervision over their employees including Plaintiffs in the performance of their duties, which among others include scheduling of work and payment of wages.

43. Accordingly, at all relevant times hereto, Defendant KLSCONTRACTORS1 LLC was Plaintiff's employer within the meaning and the intent of the FLSA and the NYLL.

## RISE CONCRETE LLC

44. Defendant RISE CONCRETE LLC, RISE is a domestic limited liability company, organized under the laws of the State of New York with a principal executive office located at 430 3rd Avenue, Brooklyn, New York 11215-3117.

45. Defendant RISE CONCRETE LLC is registered in the New York Department of State, Division of Corporation with service of process address at 2560 US Highway 22 Street 302, ScotchPlains, New Jersey 07076-5129.

46. ors, maintained direct control, oversight, and direct supervision over their employees including Plaintiffs in the performance of their duties, which among others include scheduling of work and payment of wages.

47. Accordingly, at all relevant times hereto, Defendant RISE CONCRETE LLC was Plaintiff's employer within the meaning and the intent of the FLSA and the NYLL.

**RISE DEVELOPMENT PARTNERS, LLC**

48. Defendant RISE DEVELOPMENT PARTNERS, LLC is a domestic limited liability company, organized under the laws of the State of New York with a principal executive office located at 430 3rd Avenue, Brooklyn, New York 11215-3117.

49. Defendant RISE DEVELOPMENT PARTNERS, LLC is registered in the New York Department of State, Division of Corporation with service of process address at 444 Coney Island Avenue, Brooklyn, New York 11218.

50. ors, maintained direct control, oversight, and direct supervision over their employees including Plaintiffs in the performance of their duties, which among others include scheduling of work and payment of wages.

51. Accordingly, at all relevant times hereto, Defendant RISE DEVELOPMENT PARTNERS, LLC was Plaintiff's employer within the meaning and the intent of the FLSA and the NYLL.

**Joint Enterprise(s) of the Corporate Defendants**

52. At all times relevant to this action, Corporate Defendants were Plaintiffs' employers as defined by NYLL §§ 2(6), 190(3) and 651(6) and Corporate Defendants employed or jointly employed Plaintiffs.

53. Corporate Defendants shared a common or overlapping management, as all were operated by the individual Defendants sued herein.

54. Upon information and belief, Corporate Defendants shared the same pay practices, policies and procedures, and/or payroll systems for paying employees of Corporate Defendants.

55. During all relevant times hereto, Corporate Defendants functioned as a single integrated enterprise for purposes of the NYLL.

56. Upon information and belief, Defendants LEGACY CONTRACTOR NYC LLC, KLSCONTRACTORS1 LLC, RISE CONCRETE LLC, and RISE DEVELOPMENT PARTNERS, LLC were and are engaged in construction projects and simultaneously operated at and on the same job sites where Plaintiffs performed work.

57. At all times relevant hereto, Defendants LEGACY CONTRACTOR NYC LLC, KLSCONTRACTORS1 LLC, RISE CONCRETE LLC, and RISE DEVELOPMENT

PARTNERS, LLC acted as a single employer in general and as joint employers with respect to Plaintiffs, as Defendants held out Plaintiffs as the employees of all entities.

58. All corporate entities employed the same employees, including Plaintiffs, performed work on the same job site, and were both responsible for issuing Plaintiffs their wages.

59. Upon information and belief, Corporate Defendants operated at the job sites where Plaintiffs performed work, and acted on behalf of one other in connection with Plaintiffs' performance within the meaning of NYLL §198-E.

60. Corporate Defendants are jointly and severally liable for all wages owed to Plaintiffs pursuant to NYLL §198-E Construction Industry Wage Theft, which states, "(1) A contractor making or taking a construction contract shall be liable for any debt resulting from an action under section one hundred ninety-eight of this article, owed to an employee or third party on the employee's behalf, incurred by a subcontractor at any tier acting under, by, or for the contractor or its subcontractors for the employee's performance of labor."

61. Further, pursuant to NYLL §198-E (5), "In the case of an action against a subcontractor, the contractor shall be considered jointly and severally liable for any unpaid wages, benefits, wage supplements, and any other remedies available pursuant to the requirements of section one hundred ninety-eight of this article."

62. Upon information and belief, Plaintiffs performed work for LEGACY CONTRACTOR NYC LLC, KLSCONTRACTORS1 LLC, RISE CONCRETE LLC, and RISE DEVELOPMENT PARTNERS, LLC at various job sites throughout their employment, including but not limited to: 159 Boerum Street Brooklyn, New York 11206, among other job sites (hereinafter, the "Job Sites").

63. Accordingly, at all relevant times hereto, Defendants LEGACY CONTRACTOR NYC LLC, KLSCONTRACTORS1 LLC, RISE CONCRETE LLC, and RISE DEVELOPMENT PARTNERS, LLC were Plaintiffs' employers within the meaning and the intent of the FLSA and the NYLL.

64. At all times relevant to the allegations contained in the complaint, Corporate Defendants were and are, enterprises engaged in interstate commerce within the meaning of the FLSA, and that, LEGACY CONTRACTOR NYC LLC, KLSCONTRACTORS1 LLC, RISE CONCRETE LLC, and RISE DEVELOPMENT PARTNERS, LLC  (i) have purchased goods, tools, and supplies for its business through the streams and channels of interstate

commerce, and have had employees engaged in interstate commerce, and/or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) have had annual gross volume of sales of not less than $500,000.00.

### *The Individual Defendants*
### **BARRY PHILIP CALDWELL, JOSE ALVAREZ and MARTIN J. BRUTON**

65. Upon information and belief, at all relevant times hereto, Defendant BARRY PHILIP CALDWELL owes and operates LEGACY CONTRACTOR NYC LLC, KLSCONTRACTORS1 LLC, RISE CONCRETE LLC, and RISE DEVELOPMENT PARTNERS, LLC.

66. Upon information and belief, at all relevant times hereto, Defendant BARRY PHILIP CALDWELL is an agent of LEGACY CONTRACTOR NYC LLC, KLSCONTRACTORS1 LLC, RISE CONCRETE LLC, and RISE DEVELOPMENT PARTNERS, LLC.

67. At all relevant times hereto, Defendant BARRY PHILIP CALDWELL is responsible for overseeing the daily operations of LEGACY CONTRACTOR NYC LLC, KLSCONTRACTORS1 LLC, RISE CONCRETE LLC, and RISE DEVELOPMENT PARTNERS, LLC.

68. At all relevant times hereto, Defendant BARRY PHILIP CALDWELL has power and authority over all the final personnel decisions at LEGACY CONTRACTOR NYC LLC, KLSCONTRACTORS1 LLC, RISE CONCRETE LLC, and RISE DEVELOPMENT PARTNERS, LLC.

69. At all relevant times hereto, Defendant BARRY PHILIP CALDWELL has power and authority over all final payroll decisions of LEGACY CONTRACTOR NYC LLC, KLSCONTRACTORS1 LLC, RISE CONCRETE LLC, and RISE DEVELOPMENT PARTNERS, LLC, including the Plaintiffs.

70. At all relevant times hereto, Defendant BARRY PHILIP CALDWELL has the exclusive final power to hire the employees of LEGACY CONTRACTOR NYC LLC, KLSCONTRACTORS1 LLC, RISE CONCRETE LLC, and RISE DEVELOPMENT PARTNERS, LLC, including the Plaintiffs.

71. At all relevant times hereto, Defendant BARRY PHILIP CALDWELL has exclusive final power over the firing and terminating of the employees of LEGACY CONTRACTOR NYC LLC, KLSCONTRACTORS1 LLC, RISE CONCRETE LLC, and RISE DEVELOPMENT PARTNERS, LLC, including Plaintiffs.

72. At all relevant times hereto, Defendant BARRY PHILIP CALDWELL was responsible for determining, establishing, and paying the wages of all employees of LEGACY CONTRACTOR NYC LLC, KLSCONTRACTORS1 LLC, RISE CONCRETE LLC, and RISE DEVELOPMENT PARTNERS, LLC, including the Plaintiffs, setting their work schedules, and maintaining all their employment records of the business.

73. Accordingly, at all relevant times hereto, Defendant BARRY PHILIP CALDWELL was Plaintiffs' employer within the meaning and the intent of the FLSA, and the NYLL.

74. Upon information and belief, Defendants JOSE ALVAREZ and MARTIN J. BRUTON were managers and direct supervisors of Plaintiffs at job sites for LEGACY CONTRACTOR NYC LLC, KLSCONTRACTORS1 LLC, RISE CONCRETE LLC, and RISE DEVELOPMENT PARTNERS, LLC.

75. Upon information and belief, Defendants JOSE ALVAREZ and MARTIN J. BRUTON were responsible for determining the start and end times of each shift for PLaintiffs at LEGACY CONTRACTOR NYC LLC, KLSCONTRACTORS1 LLC, RISE CONCRETE LLC, and RISE DEVELOPMENT PARTNERS, LLC.

76. Upon information and belief, Defendants JOSE ALVAREZ and MARTIN J. BRUTON were responsible for giving Plaintiffs their pay at LEGACY CONTRACTOR NYC LLC, KLSCONTRACTORS1 LLC, RISE CONCRETE LLC, and RISE DEVELOPMENT PARTNERS, LLC.

77. Upon information and belief, Defendants JOSE ALVAREZ and MARTIN J. BRUTON had the power to terminate Plaintiffs at LEGACY CONTRACTOR NYC LLC, KLSCONTRACTORS1 LLC, RISE CONCRETE LLC, and RISE DEVELOPMENT PARTNERS, LLC.

78. Upon information and belief, Defendants JOSE ALVAREZ and MARTIN J. BRUTON would instruct Plaintiffs on what work to perform on job sites for LEGACY CONTRACTOR NYC LLC, KLSCONTRACTORS1 LLC, RISE CONCRETE LLC, and RISE DEVELOPMENT PARTNERS, LLC.

79. Accordingly, at all relevant times hereto, Defendants JOSE ALVAREZ and MARTIN J. BRUTON  were Plaintiffs' employers within the meaning and the intent of the FLSA, and the NYLL.

## RELEVANT STATUTORY PERIOD

80. Under the FLSA and NYLL, Plaintiff's federal and state law claims are subject to statute of limitations periods of 3 and 6 years from the date of the filing of the Complaint, respectively. As this Complaint is filed in January 2026, the relevant statutory period for Plaintiff's claims asserted herein encompasses the entirety of the period spanning January 2020 through present ("relevant statutory period.").

## FACTUAL ALLEGATIONS
## YOVERLY NUAMAN CRUZ

81. Plaintiff YOVERLY NUAMAN CRUZ has been employed by Defendants, as a construction worker, while performing related miscellaneous duties, from in or around January 2023 until in or around September 2023.

82. Plaintiff YOVERLY NUAMAN CRUZ regularly worked approximately six (6) days per week from in or around January 2023 until in or around September 2023.

83. Plaintiff YOVERLY NUAMAN CRUZ regularly worked approximately nine (9) hours per day for three (3) days per week and approximately eleven (11) hours per day for three (3) days per week, from in or around January 2023 until in or around September 2023.

84. Thus, Plaintiff was regularly required to work approximately sixty (60) hours per week from in or around January 2023 until in or around September 2023.

85. Plaintiff YOVERLY NUAMAN CRUZ was paid by Defendants an hourly rate of approximately $26.00 per hour from in or around January 2023 until in or around September 2023.

86. Plaintiff has been paid in check.

87. Although Plaintiff worked approximately sixty (60) hours per week from in or around January 2023 until in or around September 2023, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

88. Moreover, Plaintiff was not compensated at all by Defendants for two (2) weeks of his employment.

89. Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.

90. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

91. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

92. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

93. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

**JOSE CARLOS DE OLIVEIRA**

94. Plaintiff JOSE CARLOS DE OLIVEIRA has been employed by Defendants, as a construction worker, while performing related miscellaneous duties, from in or around January 2021 until in or around August 2023.

95. Plaintiff JOSE CARLOS DE OLIVEIRA regularly worked approximately six (6) days per week from in or around January 2021 until in or around August 2023.

96. Plaintiff JOSE CARLOS DE OLIVEIRA regularly worked approximately ten (10) hours per day from in or around January 2021 until in or around August 2023.

97.    Thus, Plaintiff was regularly required to work approximately sixty (60) hours per week from in or around January 2021 until in or around August 2023.

98.    Plaintiff JOSE CARLOS DE OLIVEIRA was paid by Defendants an hourly rate of approximately $38.00 per hour from in or around January 2021 until in or around August 2023.

99.    Plaintiff has been paid in check.

100.    Although Plaintiff worked approximately sixty (60) hours per week from in or around January 2021 until in or around August 2023, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

101.    Moreover, Plaintiff was not compensated at all by Defendants for three (3) weeks of his employment.

102.    Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.

103.    Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

104.    Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

105.    As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

106.    Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

## JOSE ALEXI VIGIL ARGUETA

107. Plaintiff JOSE ALEXI VIGIL ARGUETA has been employed by Defendants, as a construction worker, while performing related miscellaneous duties, from in or around September 2019 until in or around September 2023.

108. During the relevant statutory period, Plaintiff JOSE ALEXI VIGIL ARGUETA regularly worked approximately five (5) days per week.

109. During the relevant statutory period, Plaintiff JOSE ALEXI VIGIL ARGUETA regularly worked approximately eight-and-a-half (8.5) hours per day for two (2) days per week and approximately eleven-and-a-half (11.5) hours per day for three (3) days per week.

110. Thus, Plaintiff was regularly required to work approximately fifty-one-and-a-half (51.5) hours per week during the relevant statutory period.

111. Plaintiff JOSE ALEXI VIGIL ARGUETA was paid by Defendants an hourly rate of approximately $45.00 per hour from in or around 2020 until in or around 2021; and an hourly rate of approximately $60.00 per hour from in or around 2022 until in or around 2023.

112. Plaintiff has been paid in check.

113. Although, during the relevant statutory period Plaintiff worked approximately fifty-one-and-a-half (51.5) hours per week, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

114. Moreover, Plaintiff was not compensated at all by Defendants for eight (8) weeks of his employment.

115. Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.

116. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

117. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

118. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

119. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

## ROBERTO SHULQUI

120. Plaintiff ROBERTO SHULQUI has been employed by Defendants, as a construction worker, while performing related miscellaneous duties, from in or around January 2023 until in or around July 2023.

121. Plaintiff ROBERTO SHULQUI regularly worked approximately five (5) days per week from in or around January 2023 until in or around July 2023.

122. Plaintiff ROBERTO SHULQUI regularly worked approximately nine-and-a-half (9.5) hours per day for one (1) day per week and approximately ten-and-a-half (10.5) hours per day for four (4) days per week, from in or around January 2023 until in or around July 2023.

123. Thus, Plaintiff was regularly required to work approximately fifty-one-and-a-half (51.5) hours per week from in or around January 2023 until in or around July 2023.

124. Plaintiff ROBERTO SHULQUI was paid by Defendants an hourly rate of approximately $28.00 per hour from in or around January 2023 until in or around July 2023.

125. Plaintiff has been paid in check.

126. Although Plaintiff worked approximately fifty-one-and-a-half (51.5) hours per week from in or around January 2023 until in or around July 2023, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

127. Moreover, Plaintiff was not compensated at all by Defendants for two (2) weeks of his employment.

128. Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.

129. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

130. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

131. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

132. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

**SANTOS WILMER ARGUETA VIGIL**

133. Plaintiff SANTOS WILMER ARGUETA VIGIL has been employed by Defendants, as a construction worker, while performing related miscellaneous duties, from in or around February 2023 until in or around September 2023.

134. Plaintiff SANTOS WILMER ARGUETA VIGIL regularly worked approximately five (5) days per week from in or around February 2023 until in or around September 2023.

135. Plaintiff SANTOS WILMER ARGUETA VIGIL regularly worked approximately twelve-and-a-half (12.5) hours per day, from in or around February 2023 until in or around September 2023.

136. Thus, Plaintiff was regularly required to work approximately sixty-two-and-a-half (62.5) hours per week from in or around February 2023 until in or around September 2023.

137. Plaintiff SANTOS WILMER ARGUETA VIGIL was paid by Defendants an hourly rate of approximately $27.00 per hour from in or around February 2023 until in or around September 2023.

138. Plaintiff has been paid in check.

139. Although Plaintiff worked approximately sixty-two-and-a-half (62.5) hours per week from in or around February 2023 until in or around September 2023, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

140. Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.

141. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

142. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

143. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

144. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

## ROBERTO ISAIAS ORTIZ VIVANCO

145. Plaintiff ROBERTO ISAIAS ORTIZ VIVANCO has been employed by Defendants, as a construction worker, while performing related miscellaneous duties, from in or around May 2023 until in or around September 2023.

146. Plaintiff ROBERTO ISAIAS ORTIZ VIVANCO regularly worked approximately five (5) days per week from in or around May 2023 until in or around September 2023.

147. Plaintiff ROBERTO ISAIAS ORTIZ VIVANCO regularly worked approximately thirteen (13) hours per day for three (3) days per week and approximately seventeen (17) hours per day for two (2) days per week, from in or around May 2023 until in or around September 2023.

148. Thus, Plaintiff was regularly required to work approximately seventy-three (73) hours per week from in or around May 2023 until in or around September 2023.

149. Plaintiff ROBERTO ISAIAS ORTIZ VIVANCO was paid by Defendants an hourly rate of approximately $32.00 per hour from in or around May 2023 until in or around September 2023.

150. Plaintiff has been paid in check.

151. Although Plaintiff worked approximately seventy-three (73) hours per week from in or around May 2023 until in or around September 2023, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

152. Moreover, Plaintiff was not compensated at all by Defendants for six (6) weeks of his employment.

153. Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.

154. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

155. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

156. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

157. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

**<u>OMAR EDUCARDO BALTEZAR MOTA</u>**

158. Plaintiff OMAR EDUCARDO BALTEZAR MOTA has been employed by Defendants, as a construction worker, while performing related miscellaneous duties, from in or around April 2023 until in or around October 2023.

159. Plaintiff OMAR EDUCARDO BALTEZAR MOTA regularly worked approximately five (5) days per week from in or around April 2023 until in or around October 2023.

160. Plaintiff OMAR EDUCARDO BALTEZAR MOTA regularly worked approximately eight-and-a-half (8.5) hours per day for three (3) days per week and approximately eleven-and-a-half (11.5) hours per day for two (2) days per week, from in or around April 2023 until in or around October 2023.

161. Thus, Plaintiff was regularly required to work approximately forty-eight-and-a-half (48.5) hours per week from in or around April 2023 until in or around October 2023.

162. Plaintiff OMAR EDUCARDO BALTEZAR MOTA was paid by Defendants an hourly rate of approximately $37.00 per hour from in or around April 2023 until in or around October 2023.

163. Plaintiff has been paid in check.

164. Although Plaintiff worked approximately forty-eight-and-a-half (48.5) hours per week from in or around April 2023 until in or around October 2023, Defendants did not pay

Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

165. Moreover, Plaintiff was not compensated at all by Defendants for six (6) weeks of his employment.

166. Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.

167. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

168. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

169. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

170. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

### LUIS FLORESMILO SIMBA BARRIONUEVO

171. Plaintiff LUIS FLORESMILO SIMBA BARRIONUEVO has been employed by Defendants, as a construction worker, while performing related miscellaneous duties, from in or around June 2023 until in or around September 2023.

172. Plaintiff LUIS FLORESMILO SIMBA BARRIONUEVO regularly worked approximately five (5) days per week from in or around June 2023 until in or around September 2023.

173. Plaintiff LUIS FLORESMILO SIMBA BARRIONUEVO regularly worked approximately ten-and-a-half (10.5) hours per day, from in or around June 2023 until in or around September 2023.

174. Thus, Plaintiff was regularly required to work approximately fifty-two-and-a-half (52.5) hours per week from in or around June 2023 until in or around September 2023.

175. Plaintiff LUIS FLORESMILO SIMBA BARRIONUEVO was paid by Defendants an hourly rate of approximately $31.00 per hour from in or around June 2023 until in or around September 2023.

176. Plaintiff has been paid in check.

177. Although Plaintiff worked approximately fifty-two-and-a-half (52.5) hours per week from in or around June 2023 until in or around September 2023, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

178. Moreover, Plaintiff was not compensated at all by Defendants for one (1) week of his employment.

179. Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.

180. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

181. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

182. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

183. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

**JULIO CESAR FARIAS MEDINA**

184. Plaintiff JULIO CESAR FARIAS MEDINA has been employed by Defendants, as a construction worker, while performing related miscellaneous duties, from in or around June 2023 until in or around September 2023.

185. Plaintiff JULIO CESAR FARIAS MEDINA regularly worked approximately six (6) days per week from in or around June 2023 until in or around September 2023.

186. Plaintiff JULIO CESAR FARIAS MEDINA regularly worked approximately eight-and-a-half (8.5) hours per day for two (2) days per week and approximately eleven-and-a-half (11.5) hours per day for three (3) days per week, from in or around June 2023 until in or around September 2023.

187. Thus, Plaintiff was regularly required to work approximately fifty-one-and-a-half (51.5) hours per week from in or around June 2023 until in or around September 2023.

188. Plaintiff JULIO CESAR FARIAS MEDINA was paid by Defendants an hourly rate of approximately $20.00 per hour from in or around June 2023 until in or around September 2023.

189. Plaintiff has been paid in check.

190. Although Plaintiff worked approximately fifty-one-and-a-half (51.5) hours per week from in or around June 2023 until in or around September 2023, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

191. Moreover, Plaintiff was not compensated at all by Defendants for four (4) weeks of his employment.

192. Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.

193. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

194. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

195. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

196. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

## JUAN ELIAS CHANCHICOCHA CHANGOLUISA

197. Plaintiff JUAN ELIAS CHANCHICOCHA CHANGOLUISA has been employed by Defendants, as a construction worker, while performing related miscellaneous duties, from in or around January 2021 until in or around August 2023.

198. Plaintiff JUAN ELIAS CHANCHICOCHA CHANGOLUISA regularly worked approximately six (6) days per week from in or around January 2021 until in or around August 2023.

199. Plaintiff JUAN ELIAS CHANCHICOCHA CHANGOLUISA regularly worked approximately ten-and-a-half (10.5) hours per day for three (3) days per week and approximately thirteen-and-a-half (13.5) hours per day for two (2) days per week, from in or around January 2021 until in or around August 2023.

200. Thus, Plaintiff was regularly required to work approximately fifty-eight-and-a-half (58.5) hours per week from in or around January 2021 until in or around August 2023.

201. Plaintiff JUAN ELIAS CHANCHICOCHA CHANGOLUISA was paid by Defendants an hourly rate of approximately $26.00 per hour in or around 2021, an hourly rate of approximately $32.00 per hour in or around 2022, and an hourly rate of approximately $35.00 per hour in or around 2023.

202. Plaintiff has been paid in check.

203. Although Plaintiff worked approximately fifty-eight-and-a-half (58.5) hours per week from in or around January 2021 until in or around August 2023, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

204. Moreover, Plaintiff was not compensated at all by Defendants for five (5) weeks of his employment.

205. Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.

206. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

207. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

208. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

209. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

**JORGE R LLUMITASIG SILLAGANA**

210. Plaintiff JORGE R LLUMITASIG SILLAGANA has been employed by Defendants, as a construction worker, while performing related miscellaneous duties, from in or around March 2021 until in or around September 2023.

211. Plaintiff JORGE R LLUMITASIG SILLAGANA regularly worked approximately six (6) days per week from in or around March 2021 until in or around September 2023.

212. Plaintiff JORGE R LLUMITASIG SILLAGANA regularly worked approximately thirteen-and-a-half (13.5) hours per day for two (2) days per week and approximately ten-and-a-half (10.5) hours per day for four (4) days per week, from in or around March 2021 until in or around September 2023.

213. Thus, Plaintiff was regularly required to work approximately sixty-nine (69) hours per week from in or around March 2021 until in or around September 2023.

214. Plaintiff JORGE R LLUMITASIG SILLAGANA was paid by Defendants an hourly rate of approximately $32.00 per hour in or around 2021, an hourly rate of approximately $35.00 per hour in or around 2022, and an hourly rate of approximately $38.00 per hour in or around 2023.

215. Plaintiff has been paid in check.

216. Although Plaintiff worked approximately sixty-nine (69) hours per week from in or around March 2021 until in or around September 2023, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

217. Moreover, Plaintiff was not compensated at all by Defendants for seven (7) weeks of his employment.

218. Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.

219. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

220. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

221. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

222. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

### HOLGUER ESTUARDO CHANCHICOCHA PULLUTASI CIUDADANIA

223. Plaintiff HOLGUER ESTUARDO CHANCHICOCHA PULLUTASI CIUDADANIA has been employed by Defendants, as a construction worker, while performing related miscellaneous duties, from in or around April 2023 until in or around August 2023.

224. Plaintiff HOLGUER ESTUARDO CHANCHICOCHA PULLUTASI CIUDADANIA regularly worked approximately five (5) to six (6) days per week from in or around April 2023 until in or around August 2023.

225. Plaintiff HOLGUER ESTUARDO CHANCHICOCHA PULLUTASI CIUDADANIA regularly worked approximately ten (10) hours per day for five (5) days per week and approximately nine (9) hours per day for one day (1) per week, from in or around April 2023 until in or around August 2023.

226. Thus, Plaintiff was regularly required to work approximately between fifty (50) to fifty-nine (59) hours per week from in or around April 2023 until in or around August 2023.

227. Plaintiff HOLGUER ESTUARDO CHANCHICOCHA PULLUTASI CIUDADANIA was paid by Defendants an hourly rate of approximately $30.00 per hour from in or around April 2023 until in or around August 2023.

228. Plaintiff has been paid in check.

229. Although Plaintiff worked approximately between fifty (50) to fifty-nine (59) hours per week from in or around April 2023 until in or around August 2023, Defendants did not pay

Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

230. Moreover, Plaintiff was not compensated at all by Defendants for four (4) weeks of his employment.

231. Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.

232. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

233. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

234. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

235. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

### ESCALONA GUILLERMO

236. Plaintiff ESCALONA GUILLERMO has been employed by Defendants, as a construction worker, while performing related miscellaneous duties, from in or around August 2023 until in or around November 2023.

237. Plaintiff ESCALONA GUILLERMO regularly worked approximately five (5) days per week from in or around August 2023 until in or around November 2023.

238. Plaintiff ESCALONA GUILLERMO regularly worked approximately eight-and-a-half (8.5) hours per day for three (3) days per week and approximately ten-and-a-half (10.5) hours per day for two (2) days per week, from in or around August 2023 until in or around November 2023.

239. Thus, Plaintiff was regularly required to work approximately forty-six-and-a-half (46.5) hours per week from in or around August 2023 until in or around November 2023.

240. Plaintiff ESCALONA GUILLERMO was paid by Defendants an hourly rate of approximately $38.00 per hour from in or around August 2023 until in or around November 2023.

241. Plaintiff has been paid in check.

242. Although Plaintiff worked approximately forty-six-and-a-half (46.5) hours per week from in or around August 2023 until in or around November 2023, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

243. Moreover, Plaintiff was not compensated at all by Defendants for six (6) weeks of his employment.

244. Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.

245. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

246. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

247. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

248. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

**GILBER HUAMAN VASQUEZ**

249. Plaintiff GILBER HUAMAN VASQUEZ has been employed by Defendants, as a construction worker, while performing related miscellaneous duties, from in or around May 2023 until in or around September 2023.

250. Plaintiff GILBER HUAMAN VASQUEZ regularly worked approximately five (5) days per week from in or around May 2023 until in or around September 2023.

251. Plaintiff GILBER HUAMAN VASQUEZ regularly worked approximately eleven-and-a-half (11.5) hours per day, from in or around May 2023 until in or around September 2023.

252. Thus, Plaintiff was regularly required to work approximately fifty-seven-and-a-half (57.5) hours per week from in or around May 2023 until in or around September 2023.

253. Plaintiff GILBER HUAMAN VASQUEZ was paid by Defendants an hourly rate of approximately $28.00 per hour from in or around May 2023 until in or around September 2023.

254. Plaintiff has been paid in check.

255. Although Plaintiff worked approximately fifty-seven-and-a-half (57.5) hours per week from in or around May 2023 until in or around September 2023, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

256. Moreover, Plaintiff was not compensated at all by Defendants for three (3) weeks of his employment.

257. Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.

258. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

259. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

260. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

261. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

**GEOVANNY PATRICIO ZOTO AYALA**

262. Plaintiff GEOVANNY PATRICIO ZOTO AYALA has been employed by Defendants, as a construction worker, while performing related miscellaneous duties, from in or around December 2020 until in or around September 2023.

263. Plaintiff GEOVANNY PATRICIO ZOTO AYALA regularly worked approximately six (6) days per week from in or around December 2020 until in or around September 2023.

264. Plaintiff GEOVANNY PATRICIO ZOTO AYALA regularly worked approximately eight-and-a-half (8.5) hours per day, from in or around December 2020 until in or around September 2023.

265. Thus, Plaintiff was regularly required to work approximately fifty-one (51) hours per week from in or around December 2020 until in or around September 2023.

266. Plaintiff GEOVANNY PATRICIO ZOTO AYALA was paid by Defendants an hourly rate of approximately $20.00 per hour in or around 2020, an hourly rate of approximately $22.00 per hour in or around 2021, an hourly rate of approximately $24.00 per hour in or around 2022, and an hourly rate of approximately $27.00 per hour in or around 2023.

267. Plaintiff has been paid in check.

268. Although Plaintiff worked approximately fifty-one (51) hours per week from in or around December 2020 until in or around September 2023, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

269. Moreover, Plaintiff was not compensated at all by Defendants for three (3) weeks of his employment.

270. Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.

271. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

272. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

273. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

274. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

**FRANKLIN ARMANDO IZA TIPANQUIZA**

275. Plaintiff FRANKLIN ARMANDO IZA TIPANQUIZA has been employed by Defendants, as a construction worker, while performing related miscellaneous duties, from in or around April 2023 until in or around August 2023.

276. Plaintiff FRANKLIN ARMANDO IZA TIPANQUIZA regularly worked approximately five (5) days per week from in or around April 2023 until in or around August 2023.

277. Plaintiff FRANKLIN ARMANDO IZA TIPANQUIZA regularly worked approximately ten (10) hours per day, from in or around April 2023 until in or around August 2023.

278. Thus, Plaintiff was regularly required to work approximately fifty (50) hours per week from in or around April 2023 until in or around August 2023.

279. Plaintiff FRANKLIN ARMANDO IZA TIPANQUIZA was paid by Defendants an hourly rate of approximately $25.00 per hour from in or around April 2023 until in or around August 2023.

280. Plaintiff has been paid in check.

281. Although Plaintiff worked approximately fifty (50) hours per week from in or around April 2023 until in or around August 2023, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

282. Moreover, Plaintiff was not compensated at all by Defendants for three (3) weeks of his employment.

283. Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.

284. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

285. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

286. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

287. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

## ESTEBAN E. LOPEZ CASIA

288. Plaintiff ESTEBAN E. LOPEZ CASIA has been employed by Defendants, as a construction worker, while performing related miscellaneous duties, from in or around March 2022 until in or around September 2023.

289. Plaintiff ESTEBAN E. LOPEZ CASIA regularly worked approximately five (5) days per week from in or around March 2022 until in or around September 2023.

290. Plaintiff ESTEBAN E. LOPEZ CASIA regularly worked approximately eight-and-a-half (8.5) hours per day for three (3) days per week and approximately eleven-and-a-half (11.5) hours per day for two (2) days per week, from in or around March 2022 until in or around September 2023.

291. Thus, Plaintiff was regularly required to work approximately forty-eight-and-a-half (48.5) hours per week from in or around March 2022 until in or around September 2023.

292. Plaintiff ESTEBAN E. LOPEZ CASIA was paid by Defendants an hourly rate of approximately $45.00 per hour from in or around March 2022 until in or around September 2023.

293. Plaintiff has been paid in check.

294. Although Plaintiff worked approximately forty-eight-and-a-half (48.5) hours per week from in or around March 2022 until in or around September 2023, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

295. Moreover, Plaintiff was not compensated at all by Defendants for four (4) weeks of his employment.

296. Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.

297. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

298. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

299. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

300. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

**EMERSON ALTAMIRANO VASQUEZ**

301. Plaintiff EMERSON ALTAMIRANO VASQUEZ has been employed by Defendants, as a construction worker, while performing related miscellaneous duties, from in or around August 2022 until in or around September 2023.

302. Plaintiff EMERSON ALTAMIRANO VASQUEZ regularly worked approximately five (5) days per week from in or around August 2022 until in or around September 2023.

303. Plaintiff EMERSON ALTAMIRANO VASQUEZ regularly worked approximately eleven-and-a-half (11.5) hours per day, from in or around August 2022 until in or around September 2023.

304. Thus, Plaintiff was regularly required to work approximately fifty-seven-and-a-half (57.5) hours per week from in or around August 2022 until in or around September 2023.

305. Plaintiff EMERSON ALTAMIRANO VASQUEZ was paid by Defendants an hourly rate of approximately $33.00 per hour from in or around August 2022 until in or around September 2023.

306. Plaintiff has been paid in check.

307. Although Plaintiff worked approximately fifty-seven-and-a-half (57.5) hours per week from in or around August 2022 until in or around September 2023, Defendants did not pay

Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

308. Moreover, Plaintiff was not compensated at all by Defendants for three (3) weeks of his employment.

309. Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.

310. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

311. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

312. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

313. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

### ELIMAR J. FIGUEIREDO OLIVEIRA

314. Plaintiff ELIMAR J. FIGUEIREDO OLIVEIRA has been employed by Defendants, as a construction worker, while performing related miscellaneous duties, from in or around February 2023 until in or around September 2023.

315. Plaintiff ELIMAR J. FIGUEIREDO OLIVEIRA regularly worked approximately five (5) days per week from in or around February 2023 until in or around September 2023.

316. Plaintiff ELIMAR J. FIGUEIREDO OLIVEIRA regularly worked approximately twelve-and-a-half (12.5) hours per day, from in or around February 2023 until in or around September 2023.

317. Thus, Plaintiff was regularly required to work approximately sixty-two-and-a-half (62.5) hours per week from in or around February 2023 until in or around September 2023.

318. Plaintiff ELIMAR J. FIGUEIREDO OLIVEIRA was paid by Defendants an hourly rate of approximately $32.00 per hour from in or around February 2023 until in or around September 2023.

319. Plaintiff has been paid in check.

320. Although Plaintiff worked approximately sixty-two-and-a-half (62.5) hours per week from in or around February 2023 until in or around September 2023, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

321. Moreover, Plaintiff was not compensated at all by Defendants for two (2) weeks of his employment.

322. Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.

323. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

324. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

325. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

326. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

**EFRAIN BO MAAS**

327. Plaintiff EFRAIN BO MAAS has been employed by Defendants, as a construction worker, while performing related miscellaneous duties, from in or around February 2021 until in or around September 2023.

328. Plaintiff EFRAIN BO MAAS regularly worked approximately five (5) days per week from in or around February 2021 until in or around September 2023.

329. Plaintiff EFRAIN BO MAAS regularly worked approximately ten-and-a-half (10.5) hours per day, from in or around February 2021 until in or around September 2023.

330. Thus, Plaintiff was regularly required to work approximately fifty-two-and-a-half (52.5) hours per week from in or around February 2021 until in or around September 2023.

331. Plaintiff EFRAIN BO MAAS was paid by Defendants an hourly rate of approximately $55.00 per hour from in or around February 2021 until in or around September 2023.

332. Plaintiff has been paid in check.

333. Although Plaintiff worked approximately fifty-two-and-a-half (52.5) hours per week from in or around February 2021 until in or around September 2023, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

334. Moreover, Plaintiff was not compensated at all by Defendants for four (4) weeks of his employment.

335. Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.

336. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

337. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

338. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

339. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

**EDWIN FABIAN JATI IZA SALCEDO**

340. Plaintiff EDWIN FABIAN JATI IZA SALCEDO has been employed by Defendants, as a construction worker, while performing related miscellaneous duties, from in or around May 2023 until in or around September 2023.

341. Plaintiff EDWIN FABIAN JATI IZA SALCEDO regularly worked approximately five (5) days per week from in or around May 2023 until in or around September 2023.

342. Plaintiff EDWIN FABIAN JATI IZA SALCEDO regularly worked approximately ten-and-a-half (10.5) hours per day for three (3) days per week and approximately eight-and-a-half (8.5) hours per day for two (2) days per week, from in or around May 2023 until in or around September 2023.

343. Thus, Plaintiff was regularly required to work approximately forty-eight-and-a-half (48.5) hours per week from in or around May 2023 until in or around September 2023.

344. Plaintiff EDWIN FABIAN JATI IZA SALCEDO was paid by Defendants an hourly rate of approximately $31.00 per hour from in or around May 2023 until in or around September 2023.

345. Plaintiff has been paid in check.

346. Although Plaintiff worked approximately forty-eight-and-a-half (48.5) hours per week from in or around May 2023 until in or around September 2023, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

347. Moreover, Plaintiff was not compensated at all by Defendants for four (4) weeks of his employment.

348. Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.

349. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

350. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

351. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

352. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

**DILMER ALTAMIRANO SALOMA**

353. Plaintiff DILMER ALTAMIRANO SALOMA has been employed by Defendants, as a construction worker, while performing related miscellaneous duties, from in or around April 2023 until in or around September 2023.

354. Plaintiff DILMER ALTAMIRANO SALOMA regularly worked approximately six (6) days per week from in or around April 2023 until in or around September 2023.

355. Plaintiff DILMER ALTAMIRANO SALOMA regularly worked approximately eleven-and-a-half (11.5) hours per day for five (5) days per week and approximately nine-and-a-half (9.5) hours per day for one (1) day per week, from in or around April 2023 until in or around September 2023.

356. Thus, Plaintiff was regularly required to work approximately sixty-seven (67) hours per week from in or around April 2023 until in or around September 2023.

357. Plaintiff DILMER ALTAMIRANO SALOMA was paid by Defendants an hourly rate of approximately $32.00 per hour from in or around April 2023 until in or around September 2023.

358. Plaintiff has been paid in check.

359. Although Plaintiff worked approximately sixty-seven (67) hours per week from in or around April 2023 until in or around September 2023, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

360. Moreover, Plaintiff was not compensated at all by Defendants for five (5) weeks of his employment.

361. Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.

362. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

363. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

364. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

365.  Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

**DEIMAN VASQUEZ RIMARACHI**

366.  Plaintiff DEIMAN VASQUEZ RIMARACHI has been employed by Defendants, as a construction worker, while performing related miscellaneous duties, from in or around August 2019 until in or around September 2023.

367.  During the relevant statutory period, Plaintiff DEIMAN VASQUEZ RIMARACHI regularly worked approximately six (6) days per week.

368.  During the relevant statutory period, Plaintiff DEIMAN VASQUEZ RIMARACHI regularly worked approximately nine-and-a-half (9.5) hours per day.

369.  Thus, during the relevant statutory period, Plaintiff was regularly required to work approximately fifty-seven (57) hours per week.

370.  Plaintiff DEIMAN VASQUEZ RIMARACHI was paid by Defendants an hourly rate of approximately $40.00 per hour during the relevant statutory period.

371.  Plaintiff has been paid in check.

372.  Although Plaintiff worked approximately fifty-seven (57) hours per week during the relevant statutory period, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

373.  Moreover, Plaintiff was not compensated at all by Defendants for five (5) weeks of his employment.

374.  Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.

375.  Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

376. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

377. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

378. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

## LUIS IVAN GUACHAMBALA CHIMBO

379. Plaintiff LUIS IVAN GUACHAMBALA CHIMBO has been employed by Defendants, as a construction worker, while performing related miscellaneous duties, from in or around June 2023 until in or around September 2023.

380. Plaintiff LUIS IVAN GUACHAMBALA CHIMBO regularly worked approximately five (5) days per week from in or around June 2023 until in or around September 2023.

381. Plaintiff LUIS IVAN GUACHAMBALA CHIMBO regularly worked approximately nine-and-a-half (9.5) hours per day for two (2) days per week and approximately thirteen-and-a-half (13.5) hours per day for three (3) days per week, from in or around June 2023 until in or around September 2023.

382. Thus, Plaintiff was regularly required to work approximately fifty-nine-and-a-half (59.5) hours per week from in or around June 2023 until in or around September 2023.

383. Plaintiff LUIS IVAN GUACHAMBALA CHIMBO was paid by Defendants an hourly rate of approximately $31.00 per hour from in or around June 2023 until in or around September 2023.

384. Plaintiff has been paid in check.

385. Although Plaintiff worked approximately fifty-nine-and-a-half (59.5) hours per week from in or around June 2023 until in or around September 2023, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

386. Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.

387. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

388. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

389. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

390. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

## CESAR OSWALDO VIVAS ICHAPANTA

391. Plaintiff CESAR OSWALDO VIVAS ICHAPANTA has been employed by Defendants, as a construction worker, while performing related miscellaneous duties, from in or around February 2023 until in or around September 2023.

392. Plaintiff CESAR OSWALDO VIVAS ICHAPANTA regularly worked approximately six (6) days per week from in or around February 2023 until in or around September 2023.

393. Plaintiff CESAR OSWALDO VIVAS ICHAPANTA regularly worked approximately ten-and-a-half (10.5) hours per day, from in or around February 2023 until in or around September 2023.

394. Thus, Plaintiff was regularly required to work approximately sixty-three (63) hours per week from in or around February 2023 until in or around September 2023.

395. Plaintiff CESAR OSWALDO VIVAS ICHAPANTA was paid by Defendants an hourly rate of approximately $30.00 per hour from in or around February 2023 until in or around September 2023.

396. Plaintiff has been paid in check.

397. Although Plaintiff worked approximately sixty-three (63) hours per week from in or around February 2023 until in or around September 2023, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

398. Moreover, Plaintiff was not compensated at all by Defendants for five (5) weeks of his employment.

399. Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.

400. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

401. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

402. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

403. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

**CELSO AJXUP CAGUAY**

404. Plaintiff CELSO AJXUP CAGUAY has been employed by Defendants, as a construction worker, while performing related miscellaneous duties, from in or around March 2020 until in or around September 2023.

405. Plaintiff CELSO AJXUP CAGUAY regularly worked approximately five (5) days per week from in or around March 2020 until in or around September 2023.

406. Plaintiff CELSO AJXUP CAGUAY regularly worked approximately ten-and-a-half (10.5) hours per day, from in or around March 2020 until in or around September 2023.

407. Thus, Plaintiff was regularly required to work approximately fifty-two-and-a-half (52.5) hours per week from in or around March 2020 until in or around September 2023.

408. Plaintiff CELSO AJXUP CAGUAY was paid by Defendants an hourly rate of approximately $40.00 per hour from in or around March 2020 until in or around September 2023.

409. Plaintiff has been paid in check.

410. Although Plaintiff worked approximately fifty-two-and-a-half (52.5) hours per week from in or around March 2020 until in or around September 2023, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

411. Moreover, Plaintiff was not compensated at all by Defendants for four (4) weeks of his employment.

412. Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.

413. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

414. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

415. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

416. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.


**CARLOS VIVANCO CARRILLO**

417. Plaintiff CARLOS VIVANCO CARRILLO has been employed by Defendants, as a construction worker, while performing related miscellaneous duties, from in or around June 2023 until in or around September 2023.

418. Plaintiff CARLOS VIVANCO CARRILLO regularly worked approximately five (5) days per week from in or around June 2023 until in or around September 2023.

419. Plaintiff CARLOS VIVANCO CARRILLO regularly worked approximately twelve-and-a-half (12.5) hours per day, from in or around June 2023 until in or around September 2023.

420. Thus, Plaintiff was regularly required to work approximately sixty-two-and-a-half (62.5) hours per week from in or around June 2023 until in or around September 2023.

421. Plaintiff CARLOS VIVANCO CARRILLO was paid by Defendants an hourly rate of approximately $27.00 per hour from in or around June 2023 until in or around September 2023.

422. Plaintiff has been paid in check.

423. Although Plaintiff worked approximately sixty-two-and-a-half (62.5) hours per week from in or around June 2023 until in or around September 2023, Defendants did not pay Plaintiff

time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

424. Moreover, Plaintiff was not compensated at all by Defendants for six (6) weeks of his employment.

425. Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.

426. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

427. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

428. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

429. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

**CARLA PATRICIA ARCOS JACOME**

430. Plaintiff CARLA PATRICIA ARCOS JACOME has been employed by Defendants, as a construction worker, while performing related miscellaneous duties, from in or around May 2023 until in or around September 2023.

431. Plaintiff CARLA PATRICIA ARCOS JACOME regularly worked approximately five (5) days per week from in or around May 2023 until in or around September 2023.

432. Plaintiff CARLA PATRICIA ARCOS JACOME regularly worked approximately ten-and-a-half (10.5) hours per day, from in or around May 2023 until in or around September 2023.

433. Thus, Plaintiff was regularly required to work approximately fifty-two-and-a-half (52.5) hours per week from in or around May 2023 until in or around September 2023.

434. Plaintiff CARLA PATRICIA ARCOS JACOME was paid by Defendants an hourly rate of approximately $20.00 per hour from in or around May 2023 until in or around September 2023.

435. Plaintiff has been paid in check.

436. Although Plaintiff worked approximately fifty-two-and-a-half (52.5) hours per week from in or around May 2023 until in or around September 2023, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

437. Moreover, Plaintiff was not compensated at all by Defendants for three (3) weeks of his employment.

438. Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.

439. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

440. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

441. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

442. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

**ALDO TOME**

443. Plaintiff ALDO TOME has been employed by Defendants, as a construction worker, while performing related miscellaneous duties, from in or around December 2021 until in or around September 2023.

444. Plaintiff ALDO TOME regularly worked approximately five (5) days per week from in or around December 2021 until in or around September 2023.

445. Plaintiff ALDO TOME regularly worked approximately ten-and-a-half (10.5) hours per day for two (2) days per week and approximately twelve-and-a-half (12.5) hours per day for three (3) days per week, from in or around December 2021 until in or around September 2023.

446. Thus, Plaintiff was regularly required to work approximately fifty-eight-and-a-half (58.5) hours per week from in or around December 2021 until in or around September 2023.

447. Plaintiff ALDO TOME was paid by Defendants an hourly rate of approximately $30.00 per hour in or around 2021, an hourly rate of approximately $35.00 per hour in or around 2022, and an hourly rate of approximately $40.00 per hour in or around 2023.

448. Plaintiff has been paid in check.

449. Although Plaintiff worked approximately fifty-eight-and-a-half (58.5) hours per week from in or around December 2021 until in or around September 2023, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

450. Moreover, Plaintiff was not compensated at all by Defendants for four (4) weeks of his employment.

451. Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.

452. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

453. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

454. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

455. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

### LUIS FABIAN CHACHA SHULQUI

456. Plaintiff LUIS FABIAN CHACHA SHULQUI has been employed by Defendants, as a construction worker, while performing related miscellaneous duties, from in or around January 2023 until in or around November 2023.

457. Plaintiff LUIS FABIAN CHACHA SHULQUI regularly worked approximately six (6) days per week from in or around January 2023 until in or around November 2023.

458. Plaintiff LUIS FABIAN CHACHA SHULQUI regularly worked approximately ten (10) hours per day for five (5) days per week and approximately eight (8) hours per day for one (1) day per week, from in or around January 2023 until in or around November 2023.

459. Thus, Plaintiff was regularly required to work approximately fifty-eight (58) hours per week from in or around January 2023 until in or around November 2023.

460. Plaintiff LUIS FABIAN CHACHA SHULQUI was paid by Defendants an hourly rate of approximately $30.00 per hour from in or around January 2023 until in or around November 2023.

461. Plaintiff has been paid in check.

462. Although Plaintiff worked approximately fifty-eight (58) hours per week from in or around January 2023 until in or around November 2023, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

463.    Moreover, Plaintiff was not compensated at all by Defendants for three (3) weeks of his employment.

464.    Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.

465.    Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

466.    Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

467.    As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

468.    Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

469.    Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b).  The employees similarly situated are:

470.    Collective Class: All persons who are or have been employed by the Defendants as construction workers or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wages.

471. Upon information and belief, Defendants employed approximately 50 or more employees within the past three years subjected to similar payment structures.

472. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

473. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work without appropriate overtime and wage compensation

474. Defendants' unlawful conduct has been widespread, repeated, and consistent.

475. Defendants had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay and wages.

476. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.

477. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and their wages in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

478. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

479. The claims of Plaintiffs are typical of the claims of the putative class.

480. Plaintiffs and his counsel will fairly and adequately protect the interests of the putative class.

481. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FEDERAL RULE OF CIVIL PROCEDURE RULE 23 CLASS ALLEGATIONS

482. Plaintiffs sue on their own behalf and as the class representative (hereinafter referred to as the "New York Class Representative") and bring the Second and Fourth Causes of Action

on their own behalf and as a class action, on behalf of those similarly situated, pursuant to Fed. R. Civ. P. 23(a) and (b). The Fed. R. Civ. P. 23 Class is defined as:

> Tapers and construction workers, or other similarly titled personnel who are currently or have been employed by the Defendants at LEGACY CONTRACTOR NYC LLC, KLSCONTRACTORS1 LLC, RISE CONCRETE LLC, RISE DEVELOPMENT PARTNERS, LLC at various job sites throughout New York and who worked greater than 40 hours per week (hereinafter referred to as the "New York Class") without receiving time and a half for all hours over 40 each workweek, received delayed payments and were never compensated by the Defendants for their work performed, during the 6 years prior to the filing of the Complaint (hereinafter referred to as the "New York Class Period").

483. The persons in the New York Class are so numerous that joinder of all members is impracticable. Although, the precise number of such persons is unknown, and facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are greater than 100 members of the New York Class during the New York Class Period.

484. There are questions of law and fact common to the New York Class that predominate over any questions solely affecting individual members of the New York Class, including but not limited to:

> a. Whether Defendants unlawfully failed to pay overtime compensation, failed to timely pay wages and failed to pay wages, in violation of and within the meaning of the NYLL;
>
> b. Whether the New York Class Representatives and New York Class are nonexempt from entitlement to overtime compensation for hours worked under the pay requirement of the NYLL;
>
> c. Whether Defendants failed to keep accurate and complete time records for all hours worked by the New York Class Representatives and the New York Class;
>
> d. Whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law;

e. The proper measure of damages sustained by the New York Class Representative and the New York Class; and

f. Whether Defendants should be enjoined from such violations in the future.

g. The New York Class Representatives will fairly and adequately protect the interests of the New York Class and have no interests antagonistic to the class. The Plaintiffs are represented by attorneys who are experienced and competent in both class litigation and employment litigation.

h. A class is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The damages sustained by individual class members are modest compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

485. Further, the New York Class Representative and the New York Class have been equally affected by Defendants' failure to pay overtime wages, failure to time pay wages and failure to pay wages. Moreover, members of the New York Class still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

486. Defendants have acted or refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

487. Plaintiffs' claims are typical of those of the class. Plaintiffs and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning the non-payment of overtime wages and spread of hours compensation and the failure to keep adequate records. The job duties of Plaintiffs are typical of those of the class members.

488. The New York Class Representative intends to send notice to all members of the New York Class to the extent required by Rule 23.

## FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

489. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

490. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

491. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

492. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

493. Defendants willfully failed to pay Plaintiffs' overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

494. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.

495. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

496. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

497. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

498. Defendants failed to pay Plaintiffs' overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

499.   Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Unpaid Wages Under The Fair Labor Standards Act

500.   Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

501.   Defendants willfully failed to pay Plaintiffs' wages for hours worked in violation of 29 U.S.C. §206(a).

502.   Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to compensating the Plaintiffs.

503.   Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FOURTH CAUSE OF ACTION
### Unpaid Wages Under The New York Labor Law

504.   Plaintiffs incorporate by reference all allegations in all preceding paragraphs.

505.   At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

506.   Defendants failed to pay Plaintiffs' wages for hours worked in violation of New York Labor Law Article 6.

507.   Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from the Defendants, jointly and severally, their unpaid wages and an amount equal to their unpaid wages in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest in accordance with N.Y. Labor Law §198 (1-a).

### FIFTH CAUSE OF ACTION
### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

508. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

509. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiff's primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

510. Defendants are liable to Plaintiffs in the amount of $5,000.00, per Plaintiff, together with costs and attorneys' fees.

### SIXTH CAUSE OF ACTION
### Violation of the Wage Statement Requirements of the New York Labor Law

511. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

512. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)

513. Defendants are liable to Plaintiffs in the amount of $5,000.00, per Plaintiff, together with costs and attorneys' fees

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiffs' unpaid overtime wages;

c. Awarding Plaintiffs' unpaid wages;

d. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

e. Awarding Plaintiffs prejudgment and post-judgment interest;

f. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; together with such further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all questions of fact raised by the complaint.

Dated:   January 30, 2026
         Kew Gardens, NY

*Roman Avshalumov*

Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

YOVERLY NUAMAN CRUZ, JOSE CARLOS DE OLIVEIRA, JOSE ALEXI VIGIL ARGUETA, ROBERTO SHULQUI, SANTOS WILMER ARGUETA VIGIL, ROBERTO ISAIAS ORTIZ VIVANCO, OMAR EDUCARDO BALTEZAR MOTA, LUIS FLORESMILO SIMBA BARRIONUEVO, JULIO CESAR FARIAS MEDINA, JUAN ELIAS CHANCHICOCHA CHANGOLUISA, JORGE R LLUMITASIG SILLAGANA, HOLGUER ESTUARDO CHANCHICOCHA PULLUTASI CIUDADANIA, ESCALONA GUILLERMO, GILBER HUAMAN VASQUEZ, GEOVANNY PATRICIO ZOTO AYALA, FRANKLIN ARMANDO IZA TIPANQUIZA, ESTEBAN E. LOPEZ CASIA, EMERSON ALTAMIRANO VASQUEZ, ELIMAR J. FIGUEIREDO OLIVEIRA, EFRAIN BO MAAS, EDWIN FABIAN JATI IZA SALCEDO, DILMER ALTAMIRANO SALOMA, DEIMAN VASQUEZ RIMARACHI, LUIS IVAN GUACHAMBALA CHIMBO, CESAR OSWALDO VIVAS ICHAPANTA, CELSO AJXUP CAGUAY, CARLOS VIVANCO CARRILLO, CARLA PATRICIA ARCOS JACOME, ALDO TOME, LUIS FABIAN CHACHA SHULQUI, individually and on behalf of all others similarly situated,

       Plaintiffs,

-against-

LEGACY CONTRACTOR NYC LLC, KLSCONTRACTORS1 LLC, RISE CONCRETE LLC, RISE DEVELOPMENT PARTNERS, LLC and BARRY PHILIP CALDWELL, JOSE ALVAREZ and MARTIN J. BRUTON, as individuals,

       Defendants.

---

**CLASS/COLLECTIVE ACTION COMPLAINT**

---

**HELEN F. DALTON & ASSOCIATES, P.C.**
Attorneys for Plaintiffs
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Phone (718) 263-9591
Fax (718) 263-9598

---

**TO:**
*via Secretary of State and personal service:*
**LEGACY CONTRACTOR NYC LLC (DOS ID: 6995248)**
25-52 CRESCENT STREET, ASTORIA, NY, 11102
**KLSCONTRACTORS1 LLC (DOS ID: 6740031)**
217 NORTH HIGHLAND AVE, APT 1317, OSSINING, NY, 10562

**RISE CONCRETE LLC (DOS ID: 5340390)**
2560 US HIGHWAY 22 STE 302, SCOTCH PLAINS, NJ, 07076 - 5129
**RISE DEVELOPMENT PARTNERS, LLC (DOS ID: 4908728)**
444 CONEY ISLAND AVENUE, BROOKLYN, NY, 11218

*Via Personal Service:*
**RISE CONCRETE LLC**
430 3rd Avenue, Brooklyn, NY 11215-3117
**RISE DEVELOPMENT PARTNERS, LLC**
430 3rd Avenue, Brooklyn, NY 11215-3117
**BARRY PHILIP CALDWELL**
430 3rd Avenue, Brooklyn, NY 11215-3117
1271 Cooper Rd, Scotch Plains, NJ 07076-2859

**JOSE ALVAREZ**
25-52 CRESCENT STREET, ASTORIA, NY, UNITED STATES, 11102
315 Washington St, Carlstadt, NJ 07072-1109

**MARTIN J. BRUTON**
25-52 CRESCENT STREET, ASTORIA, NY, UNITED STATES, 11102
23114 64th Ave Fl, Oakland Gardens, NY 11364-2417