**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

YOVERLY NUAMAN CRUZ, JOSE CARLOS DE OLIVEIRA, JOSE ALEXI VIGIL ARGUETA, ROBERTO SHULQUI, SANTOS WILMER ARGUETA VIGIL, ROBERTO ISAIAS ORTIZ VIVANCO, OMAR EDUCARDO BALTEZAR MOTA, LUIS FLORESMILO SIMBA BARRIONUEVO, JULIO CESAR FARIAS MEDINA, JUAN ELIAS CHANCHICOCHA CHANGOLUISA, JORGE R LLUMITASIG SILLAGANA, HOLGUER ESTUARDO CHANCHICOCHA PULLUTASI CIUDADANIA, ESCALONA GUILLERMO, GILBER HUAMAN VASQUEZ, GEOVANNY PATRICIO ZOTO AYALA, FRANKLIN ARMANDO IZA TIPANQUIZA, ESTEBAN E. LOPEZ CASIA, EMERSON ALTAMIRANO VASQUEZ, ELIMAR J. FIGUEIREDO OLIVEIRA, EFRAIN BO MAAS, EDWIN FABIAN JATI IZA SALCEDO, DILMER ALTAMIRANO SALOMA, DEIMAN VASQUEZ RIMARACHI, LUIS IVAN GUACHAMBALA CHIMBO, CESAR OSWALDO VIVAS ICHAPANTA, CELSO AJXUP CAGUAY, CARLOS VIVANCO CARRILLO, CARLA PATRICIA ARCOS JACOME, ALDO TOME, LUIS FABIAN CHACHA SHULQUI, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

LEGACY CONTRACTOR NYC LLC, KLSCONTRACTORS1 LLC, RISE CONCRETE LLC, RISE DEVELOPMENT PARTNERS, LLC and BARRY PHILIP CALDWELL, JOSE ALVAREZ and MARTIN J. BRUTON, as individuals,

Defendants.

---

**Case No.** 1:26-cv-00534-KAM-RML

**DEFENDANTS LEGACY CONTRACTOR NYC LLC AND BARRY PHILIP CALDWELL'S ANSWER WITH AFFIRMATIVE DEFENSES**

Defendants Legacy Contractor NYC LLC ("Legacy") and Barry Philip Caldwell ("Caldwell," and together with Legacy, "Defendants") by and through their counsel Cole Schotz P.C., hereby answer the Complaint dated and filed on January 30, 2026 ("Complaint"), by Plaintiffs Yoverly Nuaman Cruz, Jose Carlos De Oliveira, Jose Alexi Vigil Argueta, Roberto Shulqui, Santos Wilmer Argueta Vigil, Roberto Isaias Ortiz Vivanco, Omar Educardo Baltezar Mota, Luis Floresmilo Simba Barrionuevo, Julio Cesar Farias Medina, Juan Elias Chanchicocha Changoluisa, Jorge R Llumitasig Sillagana, Holguer Estuardo Chanchicocha Pullutasi Ciudadania, Escalona Guillermo, Gilber Huaman Vasquez, Geovanny Patricio Zoto Ayala, Franklin Armando Iza Tipanquiza, Esteban E. Lopez Casia, Emerson Altamirano Vasquez, Elimar J. Figueiredo Oliveira, Efrain Bo Maas, Edwin Fabian Jati Iza Salcedo, Dilmer Altamirano Saloma, Deiman Vasquez Rimarachi, Luis Ivan Guachambala Chimbo, Cesar Oswaldo Vivas Ichapanta, Celso Ajxup Caguay, Carlos Vivanco Carrillo, Carla Patricia Arcos Jacome, Aldo Tome, Luis Fabian Chacha Shulqui, individually and on behalf of all others similarly situated (collectively, "Plaintiffs"), and state as follows:

## AS TO THE PRELIMINARY STATEMENT[1]

1. Defendants deny the allegations contained in Paragraph 1 of the Complaint.

2. Defendants deny the allegations contained in Paragraph 2 of the Complaint.

## AS TO THE JURISDICTION AND VENUE

3. Paragraph 3 of the Complaint states a legal conclusion as to which no response is required. To the extent any factual allegations require a response, the same are denied.

[1] Defendants have incorporated the same headings contained in the Complaint for ease of reference. Defendants deny all allegations contained in the headings.

4. Paragraph 4 of the Complaint states a legal conclusion as to which no response is required. To the extent any factual allegations require a response, the same are denied.

5. Paragraph 5 of the Complaint states a legal conclusion as to which no response is required. To the extent any factual allegations require a response, the same are denied.

6. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 6 of the Complaint and leaves Plaintiffs to their proofs.

7. Paragraph 7 of the Complaint states a legal conclusion as to which no response is required. To the extent any factual allegations require a response, the same are denied.

## AS TO THE PARTIES

### *The Plaintiffs*

8. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 8 of the Complaint and leaves Plaintiffs to their proofs.

9. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 9 of the Complaint and leaves Plaintiffs to their proofs.

10. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 10 of the Complaint and leaves Plaintiffs to their proofs.

11. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 11 of the Complaint and leaves Plaintiffs to their proofs.

12. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 12 of the Complaint and leaves Plaintiffs to their proofs.

13. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 13 of the Complaint and leaves Plaintiffs to their proofs.

14. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 14 of the Complaint and leaves Plaintiffs to their proofs.

15. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 15 of the Complaint and leaves Plaintiffs to their proofs.

16. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 16 of the Complaint and leaves Plaintiffs to their proofs.

17. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 17 of the Complaint and leaves Plaintiffs to their proofs.

18. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 18 of the Complaint and leaves Plaintiffs to their proofs.

19. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 19 of the Complaint and leaves Plaintiffs to their proofs.

20. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 20 of the Complaint and leaves Plaintiffs to their proofs.

21. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 21 of the Complaint and leaves Plaintiffs to their proofs.

22. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 22 of the Complaint and leaves Plaintiffs to their proofs.

23. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 23 of the Complaint and leaves Plaintiffs to their proofs.

24. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 24 of the Complaint and leaves Plaintiffs to their proofs.

25. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 25 of the Complaint and leaves Plaintiffs to their proofs.

26. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 26 of the Complaint and leaves Plaintiffs to their proofs.

27. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 27 of the Complaint and leaves Plaintiffs to their proofs.

28. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 28 of the Complaint and leaves Plaintiffs to their proofs.

29. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 29 of the Complaint and leaves Plaintiffs to their proofs.

30. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 30 of the Complaint and leaves Plaintiffs to their proofs.

31. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 31 of the Complaint and leaves Plaintiffs to their proofs.

32. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 32 of the Complaint and leaves Plaintiffs to their proofs.

33. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 33 of the Complaint and leaves Plaintiffs to their proofs.

34. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 34 of the Complaint and leaves Plaintiffs to their proofs.

35. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 35 of the Complaint and leaves Plaintiffs to their proofs.

36. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 36 of the Complaint and leaves Plaintiffs to their proofs.

37. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 37 of the Complaint and leaves Plaintiffs to their proofs.

***Corporate Defendants***

**LEGACY CONTRACTOR NYC LLC**

38. Defendants deny the allegations contained in Paragraph 38 of the Complaint, and aver that Legacy is a foreign limited liability company, organized under the laws of the State of New Jersey.

39. Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in Paragraph 40 of the Complaint.

**KLSCONTRACTORS1 LLC**

41. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 41 of the Complaint and leaves Plaintiffs to their proofs.

42. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 42 of the Complaint and leaves Plaintiffs to their proofs.

43. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 43 of the Complaint and leaves Plaintiffs to their proofs.

**RISE CONCRETE LLC**

44. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 44 of the Complaint and leaves Plaintiffs to their proofs.

45. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 45 of the Complaint and leaves Plaintiffs to their proofs.

46. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 46 of the Complaint and leaves Plaintiffs to their proofs.

47. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 47 of the Complaint and leaves Plaintiffs to their proofs.

**RISE DEVELOPMENT PARTNERS, LLC**

48. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 48 of the Complaint and leaves Plaintiffs to their proofs.

49. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 49 of the Complaint and leaves Plaintiffs to their proofs.

50. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 50 of the Complaint and leaves Plaintiffs to their proofs.

51. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 51 of the Complaint and leaves Plaintiffs to their proofs.

**Joint Enterprise(s) of the Corporate Defendants**

52. Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53. Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54. Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55. Defendants deny the allegations contained in Paragraph 55 of the Complaint.

56. Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57. Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58. Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59. Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60. Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61. Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62. Defendants deny the allegations contained in Paragraph 62 of the Complaint.

63. Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64. Defendants deny the allegations contained in Paragraph 64 of the Complaint.

***The Individual Defendants***

**BARRY PHILIP CALDWELL, JOSE ALVAREZ and MARTIN J. BRUTON**

65. Defendants deny the allegations contained in Paragraph 65 of the Complaint, except admit that Caldwell holds a non-majority interest in Legacy.

66. Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67. Defendants deny the allegations contained in Paragraph 67 of the Complaint.

68. Defendants deny the allegations contained in Paragraph 68 of the Complaint.

69. Defendants deny the allegations contained in Paragraph 69 of the Complaint.

70. Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71. Defendants deny the allegations contained in Paragraph 71 of the Complaint.

72. Defendants deny the allegations contained in Paragraph 72 of the Complaint.

73. Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74. Defendants deny the allegations contained in Paragraph 74 of the Complaint.

75. Defendants deny the allegations contained in Paragraph 75 of the Complaint.

76. Defendants deny the allegations contained in Paragraph 76 of the Complaint.

77. Defendants deny the allegations contained in Paragraph 77 of the Complaint.

78. Defendants deny the allegations contained in Paragraph 78 of the Complaint.

79. Defendants deny the allegations contained in Paragraph 79 of the Complaint.

**AS TO THE RELEVANT STATUTORY PERIOD**

80. Paragraph 80 of the Complaint states a legal conclusion as to which no response is required. To the extent any factual allegations require a response, the same are denied.

## AS TO THE FACTUAL ALLEGATIONS
## YOVERYL NUAMAN CRUZ

81. Defendants deny the allegations contained in Paragraph 81 of the Complaint.

82. Defendants deny the allegations contained in Paragraph 82 of the Complaint.

83. Defendants deny the allegations contained in Paragraph 83 of the Complaint.

84. Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85. Defendants deny the allegations contained in Paragraph 85 of the Complaint.

86. Defendants deny the allegations contained in Paragraph 86 of the Complaint, except admit that, to the extent YOVERYL NUAMAN CRUZ was an employee of Legacy, YOVERYL NUAMAN CRUZ received payroll checks.

87. Defendants deny the allegations contained in Paragraph 87 of the Complaint.

88. Defendants deny the allegations contained in Paragraph 88 of the Complaint.

89. Defendants deny the allegations contained in Paragraph 89 of the Complaint.

90. Defendants deny the allegations contained in Paragraph 90 of the Complaint.

91. Defendants deny the allegations contained in Paragraph 91 of the Complaint.

92. Defendants deny the allegations contained in Paragraph 92 of the Complaint.

93. Defendants deny the allegations contained in Paragraph 93 of the Complaint.

## JOSE CARLOS DE OLIVEIRA

94. Defendants deny the allegations contained in Paragraph 94 of the Complaint.

95. Defendants deny the allegations contained in Paragraph 95 of the Complaint.

96. Defendants deny the allegations contained in Paragraph 96 of the Complaint.

97. Defendants deny the allegations contained in Paragraph 97 of the Complaint.

98. Defendants deny the allegations contained in Paragraph 98 of the Complaint.

99. Defendants deny the allegations contained in Paragraph 99 of the Complaint, except admit that, to the extent JOSE CARLOS DE OLIVEIRA was an employee of Legacy, JOSE CARLOS DE OLIVEIRA received payroll checks.

100. Defendants deny the allegations contained in Paragraph 100 of the Complaint.

101. Defendants deny the allegations contained in Paragraph 101 of the Complaint.

102. Defendants deny the allegations contained in Paragraph 102 of the Complaint.

103. Defendants deny the allegations contained in Paragraph 103 of the Complaint.

104. Defendants deny the allegations contained in Paragraph 104 of the Complaint.

105. Defendants deny the allegations contained in Paragraph 105 of the Complaint.

106. Defendants deny the allegations contained in Paragraph 106 of the Complaint.

## JOSE ALEXI VIGIL ARGUETA

107. Defendants deny the allegations contained in Paragraph 107 of the Complaint.

108. Defendants deny the allegations contained in Paragraph 108 of the Complaint.

109. Defendants deny the allegations contained in Paragraph 109 of the Complaint.

110. Defendants deny the allegations contained in Paragraph 110 of the Complaint.

111. Defendants deny the allegations contained in Paragraph 111 of the Complaint.

112. Defendants deny the allegations contained in Paragraph 112 of the Complaint, except admit that, to the extent JOSE ALEXI VIGIL ARGUETA was an employee of Legacy, JOSE ALEXI VIGIL ARGUETA received payroll checks.

113. Defendants deny the allegations contained in Paragraph 113 of the Complaint.

114. Defendants deny the allegations contained in Paragraph 114 of the Complaint.

115. Defendants deny the allegations contained in Paragraph 115 of the Complaint.

116. Defendants deny the allegations contained in Paragraph 116 of the Complaint.

117. Defendants deny the allegations contained in Paragraph 117 of the Complaint.

118. Defendants deny the allegations contained in Paragraph 118 of the Complaint.

119. Defendants deny the allegations contained in Paragraph 119 of the Complaint.

**ROBERTO SHULQUI**

120. Defendants deny the allegations contained in Paragraph 120 of the Complaint.

121. Defendants deny the allegations contained in Paragraph 121 of the Complaint.

122. Defendants deny the allegations contained in Paragraph 122 of the Complaint.

123. Defendants deny the allegations contained in Paragraph 123 of the Complaint.

124. Defendants deny the allegations contained in Paragraph 124 of the Complaint.

125. Defendants deny the allegations contained in Paragraph 125 of the Complaint, except admit that, to the extent ROBERTO SHULQUI was an employee of Legacy, ROBERTO SHULQUI received payroll checks.

126. Defendants deny the allegations contained in Paragraph 126 of the Complaint.

127. Defendants deny the allegations contained in Paragraph 127 of the Complaint.

128. Defendants deny the allegations contained in Paragraph 128 of the Complaint.

129. Defendants deny the allegations contained in Paragraph 129 of the Complaint.

130. Defendants deny the allegations contained in Paragraph 130 of the Complaint.

131. Defendants deny the allegations contained in Paragraph 131 of the Complaint.

132. Defendants deny the allegations contained in Paragraph 132 of the Complaint.

**SANTOS WILMER ARGUETA VIGIL**

133. Defendants deny the allegations contained in Paragraph 133 of the Complaint.

134. Defendants deny the allegations contained in Paragraph 134 of the Complaint.

135. Defendants deny the allegations contained in Paragraph 135 of the Complaint.

136. Defendants deny the allegations contained in Paragraph 136 of the Complaint.

137. Defendants deny the allegations contained in Paragraph 137 of the Complaint.

138. Defendants deny the allegations contained in Paragraph 138 of the Complaint, except admit that, to the extent SANTOS WILMER ARGUETA VIGIL was an employee of Legacy, SANTOS WILMER ARGUETA VIGIL received payroll checks.

139. Defendants deny the allegations contained in Paragraph 139 of the Complaint.

140. Defendants deny the allegations contained in Paragraph 140 of the Complaint.

141. Defendants deny the allegations contained in Paragraph 141 of the Complaint.

142. Defendants deny the allegations contained in Paragraph 142 of the Complaint.

143. Defendants deny the allegations contained in Paragraph 143 of the Complaint.

144. Defendants deny the allegations contained in Paragraph 144 of the Complaint.

**ROBERTO ISAIAS ORTIZ VIVANCO**

145. Defendants deny the allegations contained in Paragraph 145 of the Complaint.

146. Defendants deny the allegations contained in Paragraph 146 of the Complaint.

147. Defendants deny the allegations contained in Paragraph 147 of the Complaint.

148. Defendants deny the allegations contained in Paragraph 148 of the Complaint.

149. Defendants deny the allegations contained in Paragraph 149 of the Complaint.

150. Defendants deny the allegations contained in Paragraph 150 of the Complaint, except admit that, to the extent ROBERTO ISAIAS ORTIZ VIVANCO was an employee of Legacy, ROBERTO ISAIAS ORTIZ VIVANCO received payroll checks.

151. Defendants deny the allegations contained in Paragraph 151 of the Complaint.

152. Defendants deny the allegations contained in Paragraph 152 of the Complaint.

153. Defendants deny the allegations contained in Paragraph 153 of the Complaint.

154. Defendants deny the allegations contained in Paragraph 154 of the Complaint.

155. Defendants deny the allegations contained in Paragraph 155 of the Complaint.

156. Defendants deny the allegations contained in Paragraph 156 of the Complaint.

157. Defendants deny the allegations contained in Paragraph 157 of the Complaint.

**OMAR EDUCARDO BALTEZAR MOTA**

158. Defendants deny the allegations contained in Paragraph 158 of the Complaint.

159. Defendants deny the allegations contained in Paragraph 159 of the Complaint.

160. Defendants deny the allegations contained in Paragraph 160 of the Complaint.

161. Defendants deny the allegations contained in Paragraph 161 of the Complaint.

162. Defendants deny the allegations contained in Paragraph 162 of the Complaint.

163. Defendants deny the allegations contained in Paragraph 163 of the Complaint, except admit that, to the extent OMAR EDUCARDO BALTEZAR MOTA was an employee of Legacy, OMAR EDUCARDO BALTEZAR MOTA received payroll checks.

164. Defendants deny the allegations contained in Paragraph 164 of the Complaint.

165. Defendants deny the allegations contained in Paragraph 165 of the Complaint.

166. Defendants deny the allegations contained in Paragraph 166 of the Complaint.

167. Defendants deny the allegations contained in Paragraph 167 of the Complaint.

168. Defendants deny the allegations contained in Paragraph 168 of the Complaint.

169. Defendants deny the allegations contained in Paragraph 169 of the Complaint.

170. Defendants deny the allegations contained in Paragraph 170 of the Complaint.

**LUIS FLORESMILO SIMBA BARRIONUEVO**

171. Defendants deny the allegations contained in Paragraph 171 of the Complaint.

172. Defendants deny the allegations contained in Paragraph 172 of the Complaint.

173. Defendants deny the allegations contained in Paragraph 173 of the Complaint.

174. Defendants deny the allegations contained in Paragraph 174 of the Complaint.

175. Defendants deny the allegations contained in Paragraph 175 of the Complaint.

176. Defendants deny the allegations contained in Paragraph 176 of the Complaint, except admit that, to the extent LUIS FLORESMILO SIMBA BARRIONUEVO was an employee of Legacy, LUIS FLORESMILO SIMBA BARRIONUEVO received payroll checks.

177. Defendants deny the allegations contained in Paragraph 177 of the Complaint.

178. Defendants deny the allegations contained in Paragraph 178 of the Complaint.

179. Defendants deny the allegations contained in Paragraph 179 of the Complaint.

180. Defendants deny the allegations contained in Paragraph 180 of the Complaint.

181. Defendants deny the allegations contained in Paragraph 181 of the Complaint.

182. Defendants deny the allegations contained in Paragraph 182 of the Complaint.

183. Defendants deny the allegations contained in Paragraph 183 of the Complaint.

**JULIO CESAR FARIAS MEDINA**

184. Defendants deny the allegations contained in Paragraph 184 of the Complaint.

185. Defendants deny the allegations contained in Paragraph 185 of the Complaint.

186. Defendants deny the allegations contained in Paragraph 186 of the Complaint.

187. Defendants deny the allegations contained in Paragraph 187 of the Complaint.

188. Defendants deny the allegations contained in Paragraph 188 of the Complaint.

189. Defendants deny the allegations contained in Paragraph 189 of the Complaint, except admit that, to the extent JULIO CESAR FARIAS MEDINA was an employee of Legacy, JULIO CESAR FARIAS MEDINA received payroll checks.

190. Defendants deny the allegations contained in Paragraph 190 of the Complaint.

191. Defendants deny the allegations contained in Paragraph 191 of the Complaint.

192. Defendants deny the allegations contained in Paragraph 192 of the Complaint.

193. Defendants deny the allegations contained in Paragraph 193 of the Complaint.

194. Defendants deny the allegations contained in Paragraph 194 of the Complaint.

195. Defendants deny the allegations contained in Paragraph 195 of the Complaint.

196. Defendants deny the allegations contained in Paragraph 196 of the Complaint.

**JUAN ELIAS CHANCHICOCHA CHANGOLUISA**

197. Defendants deny the allegations contained in Paragraph 197 of the Complaint.

198. Defendants deny the allegations contained in Paragraph 198 of the Complaint.

199. Defendants deny the allegations contained in Paragraph 199 of the Complaint.

200. Defendants deny the allegations contained in Paragraph 200 of the Complaint.

201. Defendants deny the allegations contained in Paragraph 201 of the Complaint.

202. Defendants deny the allegations contained in Paragraph 202 of the Complaint, except admit that, to the extent JUAN ELIAS CHANCHICOCHA CHANGOLUISA was an employee of Legacy, JUAN ELIAS CHANCHICOCHA CHANGOLUISA received payroll checks.

203. Defendants deny the allegations contained in Paragraph 203 of the Complaint.

204. Defendants deny the allegations contained in Paragraph 204 of the Complaint.

205. Defendants deny the allegations contained in Paragraph 205 of the Complaint.

206. Defendants deny the allegations contained in Paragraph 206 of the Complaint.

207. Defendants deny the allegations contained in Paragraph 207 of the Complaint.

208. Defendants deny the allegations contained in Paragraph 208 of the Complaint.

209. Defendants deny the allegations contained in Paragraph 209 of the Complaint.

**JORGE R LLUMITASIG SILLAGANA**

210. Defendants deny the allegations contained in Paragraph 210 of the Complaint.

211. Defendants deny the allegations contained in Paragraph 211 of the Complaint.

212. Defendants deny the allegations contained in Paragraph 212 of the Complaint.

213. Defendants deny the allegations contained in Paragraph 213 of the Complaint.

214. Defendants deny the allegations contained in Paragraph 214 of the Complaint.

215. Defendants deny the allegations contained in Paragraph 215 of the Complaint, except admit that, to the extent JORGE R LLUMITASIG SILLAGANA was an employee of Legacy, JORGE R LLUMITASIG SILLAGANA received payroll checks.

216. Defendants deny the allegations contained in Paragraph 216 of the Complaint.

217. Defendants deny the allegations contained in Paragraph 217 of the Complaint.

218. Defendants deny the allegations contained in Paragraph 218 of the Complaint.

219. Defendants deny the allegations contained in Paragraph 219 of the Complaint.

220. Defendants deny the allegations contained in Paragraph 220 of the Complaint.

221. Defendants deny the allegations contained in Paragraph 221 of the Complaint.

222. Defendants deny the allegations contained in Paragraph 222 of the Complaint.

**HOLGUER ESTUARDO CHANCHICOCHA PULLUTASI CIUDADANIA**

223. Defendants deny the allegations contained in Paragraph 223 of the Complaint.

224. Defendants deny the allegations contained in Paragraph 224 of the Complaint.

225. Defendants deny the allegations contained in Paragraph 225 of the Complaint.

226. Defendants deny the allegations contained in Paragraph 226 of the Complaint.

227. Defendants deny the allegations contained in Paragraph 227 of the Complaint.

228. Defendants deny the allegations contained in Paragraph 228 of the Complaint, except admit that, to the extent HOLGUER ESTUARDO CHANCHICOCHA PULLUTASI CIUDADANIA was an employee of Legacy, HOLGUER ESTUARDO CHANCHICOCHA PULLUTASI CIUDADANIA received payroll checks.

229. Defendants deny the allegations contained in Paragraph 229 of the Complaint.

230. Defendants deny the allegations contained in Paragraph 230 of the Complaint.

231. Defendants deny the allegations contained in Paragraph 231 of the Complaint.

232. Defendants deny the allegations contained in Paragraph 232 of the Complaint.

233. Defendants deny the allegations contained in Paragraph 233 of the Complaint.

234. Defendants deny the allegations contained in Paragraph 234 of the Complaint.

235. Defendants deny the allegations contained in Paragraph 235 of the Complaint.

**ESCALONA GUILLERMO**

236. Defendants deny the allegations contained in Paragraph 236 of the Complaint.

237. Defendants deny the allegations contained in Paragraph 237 of the Complaint.

238. Defendants deny the allegations contained in Paragraph 238 of the Complaint.

239. Defendants deny the allegations contained in Paragraph 239 of the Complaint.

240. Defendants deny the allegations contained in Paragraph 240 of the Complaint.

241. Defendants deny the allegations contained in Paragraph 241 of the Complaint, except admit that, to the extent ESCALONA GUILLERMO was an employee of Legacy, ESCALONA GUILLERMO received payroll checks.

242. Defendants deny the allegations contained in Paragraph 242 of the Complaint.

243. Defendants deny the allegations contained in Paragraph 243 of the Complaint.

244. Defendants deny the allegations contained in Paragraph 244 of the Complaint.

245. Defendants deny the allegations contained in Paragraph 245 of the Complaint.

246. Defendants deny the allegations contained in Paragraph 246 of the Complaint.

247. Defendants deny the allegations contained in Paragraph 247 of the Complaint.

248. Defendants deny the allegations contained in Paragraph 248 of the Complaint.

**GILBER HUAMAN VASQUEZ**

249. Defendants deny the allegations contained in Paragraph 249 of the Complaint.

250. Defendants deny the allegations contained in Paragraph 250 of the Complaint.

251. Defendants deny the allegations contained in Paragraph 251 of the Complaint.

252. Defendants deny the allegations contained in Paragraph 252 of the Complaint.

253. Defendants deny the allegations contained in Paragraph 253 of the Complaint.

254. Defendants deny the allegations contained in Paragraph 254 of the Complaint, except admit that, to the extent GILBER HUAMAN VASQUEZ was an employee of Legacy, GILBER HUAMAN VASQUEZ received payroll checks.

255. Defendants deny the allegations contained in Paragraph 255 of the Complaint.

256. Defendants deny the allegations contained in Paragraph 256 of the Complaint.

257. Defendants deny the allegations contained in Paragraph 257 of the Complaint.

258. Defendants deny the allegations contained in Paragraph 258 of the Complaint.

259. Defendants deny the allegations contained in Paragraph 259 of the Complaint.

260. Defendants deny the allegations contained in Paragraph 260 of the Complaint.

261. Defendants deny the allegations contained in Paragraph 261 of the Complaint.

**GEOVANNY PATRICIO ZOTO AYALA**

262. Defendants deny the allegations contained in Paragraph 262 of the Complaint.

263. Defendants deny the allegations contained in Paragraph 263 of the Complaint.

264. Defendants deny the allegations contained in Paragraph 264 of the Complaint.

265. Defendants deny the allegations contained in Paragraph 265 of the Complaint.

266. Defendants deny the allegations contained in Paragraph 266 of the Complaint.

267. Defendants deny the allegations contained in Paragraph 267 of the Complaint, except admit that, to the extent GEOVANNY PATRICIO ZOTO AYALA was an employee of Legacy, GEOVANNY PATRICIO ZOTO AYALA received payroll checks.

268. Defendants deny the allegations contained in Paragraph 268 of the Complaint.

269. Defendants deny the allegations contained in Paragraph 269 of the Complaint.

270. Defendants deny the allegations contained in Paragraph 270 of the Complaint.

271. Defendants deny the allegations contained in Paragraph 271 of the Complaint.

272. Defendants deny the allegations contained in Paragraph 272 of the Complaint.

273. Defendants deny the allegations contained in Paragraph 273 of the Complaint.

274. Defendants deny the allegations contained in Paragraph 274 of the Complaint.

**FRANKLIN ARMANDO IZA TIPANQUIZA**

275. Defendants deny the allegations contained in Paragraph 275 of the Complaint.

276. Defendants deny the allegations contained in Paragraph 276 of the Complaint.

277. Defendants deny the allegations contained in Paragraph 277 of the Complaint.

278. Defendants deny the allegations contained in Paragraph 278 of the Complaint.

279. Defendants deny the allegations contained in Paragraph 279 of the Complaint.

280. Defendants deny the allegations contained in Paragraph 280 of the Complaint, except admit that, to the extent FRANKLIN ARMANDO IZA TIPANQUIZA was an employee of Legacy, FRANKLIN ARMANDO IZA TIPANQUIZA received payroll checks.

281. Defendants deny the allegations contained in Paragraph 281 of the Complaint.

282. Defendants deny the allegations contained in Paragraph 282 of the Complaint.

283. Defendants deny the allegations contained in Paragraph 283 of the Complaint.

284. Defendants deny the allegations contained in Paragraph 284 of the Complaint.

285. Defendants deny the allegations contained in Paragraph 285 of the Complaint.

286. Defendants deny the allegations contained in Paragraph 286 of the Complaint.

287. Defendants deny the allegations contained in Paragraph 287 of the Complaint.

## ESTEBAN E. LOPEZ CASIA

288. Defendants deny the allegations contained in Paragraph 288 of the Complaint.

289. Defendants deny the allegations contained in Paragraph 289 of the Complaint.

290. Defendants deny the allegations contained in Paragraph 290 of the Complaint.

291. Defendants deny the allegations contained in Paragraph 291 of the Complaint.

292. Defendants deny the allegations contained in Paragraph 292 of the Complaint.

293. Defendants deny the allegations contained in Paragraph 293 of the Complaint, except admit that, to the extent ESTEBAN E. LOPEZ CASIA was an employee of Legacy, ESTEBAN E. LOPEZ CASIA received payroll checks.

294. Defendants deny the allegations contained in Paragraph 294 of the Complaint.

295. Defendants deny the allegations contained in Paragraph 295 of the Complaint.

296. Defendants deny the allegations contained in Paragraph 296 of the Complaint.

297. Defendants deny the allegations contained in Paragraph 297 of the Complaint.

298. Defendants deny the allegations contained in Paragraph 298 of the Complaint.

299. Defendants deny the allegations contained in Paragraph 299 of the Complaint.

300. Defendants deny the allegations contained in Paragraph 300 of the Complaint.

**EMERSON ALTAMIRANO VASQUEZ**

301. Defendants deny the allegations contained in Paragraph 301 of the Complaint.

302. Defendants deny the allegations contained in Paragraph 302 of the Complaint.

303. Defendants deny the allegations contained in Paragraph 303 of the Complaint.

304. Defendants deny the allegations contained in Paragraph 304 of the Complaint.

305. Defendants deny the allegations contained in Paragraph 305 of the Complaint.

306. Defendants deny the allegations contained in Paragraph 306 of the Complaint, except admit that, to the extent EMERSON ALTAMIRANO VASQUEZ was an employee of Legacy, EMERSON ALTAMIRANO VASQUEZ received payroll checks.

307. Defendants deny the allegations contained in Paragraph 307 of the Complaint.

308. Defendants deny the allegations contained in Paragraph 308 of the Complaint.

309. Defendants deny the allegations contained in Paragraph 309 of the Complaint.

310. Defendants deny the allegations contained in Paragraph 310 of the Complaint.

311. Defendants deny the allegations contained in Paragraph 311 of the Complaint.

312. Defendants deny the allegations contained in Paragraph 312 of the Complaint.

313. Defendants deny the allegations contained in Paragraph 313 of the Complaint.

**ELIMAR J. FIGUEIREDO OLIVEIRA**

314. Defendants deny the allegations contained in Paragraph 314 of the Complaint.

315. Defendants deny the allegations contained in Paragraph 315 of the Complaint.

316. Defendants deny the allegations contained in Paragraph 316 of the Complaint.

317. Defendants deny the allegations contained in Paragraph 317 of the Complaint.

318. Defendants deny the allegations contained in Paragraph 318 of the Complaint.

319. Defendants deny the allegations contained in Paragraph 319 of the Complaint, except admit that, to the extent ELIMAR J. FIGUEIREDO OLIVEIRA was an employee of Legacy, ELIMAR J. FIGUEIREDO OLIVEIRA received payroll checks.

320. Defendants deny the allegations contained in Paragraph 320 of the Complaint.

321. Defendants deny the allegations contained in Paragraph 321 of the Complaint.

322. Defendants deny the allegations contained in Paragraph 322 of the Complaint.

323. Defendants deny the allegations contained in Paragraph 323 of the Complaint.

324. Defendants deny the allegations contained in Paragraph 324 of the Complaint.

325. Defendants deny the allegations contained in Paragraph 325 of the Complaint.

326. Defendants deny the allegations contained in Paragraph 326 of the Complaint.

**EFRAIN BO MAAS**

327. Defendants deny the allegations contained in Paragraph 327 of the Complaint.

328. Defendants deny the allegations contained in Paragraph 328 of the Complaint.

329. Defendants deny the allegations contained in Paragraph 329 of the Complaint.

330. Defendants deny the allegations contained in Paragraph 330 of the Complaint.

331. Defendants deny the allegations contained in Paragraph 331 of the Complaint.

332. Defendants deny the allegations contained in Paragraph 332 of the Complaint, except admit that, to the extent EFRAIN BO MAAS was an employee of Legacy, EFRAIN BO MAAS received payroll checks.

333. Defendants deny the allegations contained in Paragraph 333 of the Complaint.

334. Defendants deny the allegations contained in Paragraph 334 of the Complaint.

335. Defendants deny the allegations contained in Paragraph 335 of the Complaint.

336. Defendants deny the allegations contained in Paragraph 336 of the Complaint.

337. Defendants deny the allegations contained in Paragraph 337 of the Complaint.

338. Defendants deny the allegations contained in Paragraph 338 of the Complaint.

339. Defendants deny the allegations contained in Paragraph 339 of the Complaint.

**EDWIN FABIAN JATI IZA SALCEDO**

340. Defendants deny the allegations contained in Paragraph 340 of the Complaint.

341. Defendants deny the allegations contained in Paragraph 341 of the Complaint.

342. Defendants deny the allegations contained in Paragraph 342 of the Complaint.

343. Defendants deny the allegations contained in Paragraph 343 of the Complaint.

344. Defendants deny the allegations contained in Paragraph 344 of the Complaint.

345. Defendants deny the allegations contained in Paragraph 345 of the Complaint, except admit that, to the extent EDWIN FABIAN JATI IZA SALCEDO was an employee of Legacy, EDWIN FABIAN JATI IZA SALCEDO received payroll checks.

346. Defendants deny the allegations contained in Paragraph 346 of the Complaint.

347. Defendants deny the allegations contained in Paragraph 347 of the Complaint.

348. Defendants deny the allegations contained in Paragraph 348 of the Complaint.

349. Defendants deny the allegations contained in Paragraph 349 of the Complaint.

350. Defendants deny the allegations contained in Paragraph 350 of the Complaint.

351. Defendants deny the allegations contained in Paragraph 351 of the Complaint.

352. Defendants deny the allegations contained in Paragraph 352 of the Complaint.

**DILMER ALTAMIRANO SALOMA**

353. Defendants deny the allegations contained in Paragraph 353 of the Complaint.

354. Defendants deny the allegations contained in Paragraph 354 of the Complaint.

355. Defendants deny the allegations contained in Paragraph 355 of the Complaint.

356. Defendants deny the allegations contained in Paragraph 356 of the Complaint.

357. Defendants deny the allegations contained in Paragraph 357 of the Complaint.

358. Defendants deny the allegations contained in Paragraph 358 of the Complaint, except admit that, to the extent DILMER ALTAMIRANO SALOMA was an employee of Legacy, DILMER ALTAMIRANO SALOMA received payroll checks.

359. Defendants deny the allegations contained in Paragraph 359 of the Complaint.

360. Defendants deny the allegations contained in Paragraph 360 of the Complaint.

361. Defendants deny the allegations contained in Paragraph 361 of the Complaint.

362. Defendants deny the allegations contained in Paragraph 362 of the Complaint.

363. Defendants deny the allegations contained in Paragraph 363 of the Complaint.

364. Defendants deny the allegations contained in Paragraph 364 of the Complaint.

365. Defendants deny the allegations contained in Paragraph 365 of the Complaint.

**DEIMAN VASQUEZ RIMARACHI**

366. Defendants deny the allegations contained in Paragraph 366 of the Complaint.

367. Defendants deny the allegations contained in Paragraph 367 of the Complaint.

368. Defendants deny the allegations contained in Paragraph 368 of the Complaint.

369. Defendants deny the allegations contained in Paragraph 369 of the Complaint.

370. Defendants deny the allegations contained in Paragraph 370 of the Complaint.

371. Defendants deny the allegations contained in Paragraph 371 of the Complaint, except admit that, to the extent DEIMAN VASQUEZ RIMARACHI was an employee of Legacy, DEIMAN VASQUEZ RIMARACHI received payroll checks.

372. Defendants deny the allegations contained in Paragraph 372 of the Complaint.

373. Defendants deny the allegations contained in Paragraph 373 of the Complaint.

374. Defendants deny the allegations contained in Paragraph 374 of the Complaint.

375. Defendants deny the allegations contained in Paragraph 375 of the Complaint.

376. Defendants deny the allegations contained in Paragraph 376 of the Complaint.

377. Defendants deny the allegations contained in Paragraph 377 of the Complaint.

378. Defendants deny the allegations contained in Paragraph 378 of the Complaint.

**LUIS IVAN GUACHAMBALA CHIMBO**

379. Defendants deny the allegations contained in Paragraph 379 of the Complaint.

380. Defendants deny the allegations contained in Paragraph 380 of the Complaint.

381. Defendants deny the allegations contained in Paragraph 381 of the Complaint.

382. Defendants deny the allegations contained in Paragraph 382 of the Complaint.

383. Defendants deny the allegations contained in Paragraph 383 of the Complaint.

384. Defendants deny the allegations contained in Paragraph 384 of the Complaint, except admit that, to the extent LUIS IVAN GUACHAMBALA CHIMBO was an employee of Legacy, LUIS IVAN GUACHAMBALA CHIMBO received payroll checks.

385. Defendants deny the allegations contained in Paragraph 385 of the Complaint.

386. Defendants deny the allegations contained in Paragraph 386 of the Complaint.

387. Defendants deny the allegations contained in Paragraph 387 of the Complaint.

388. Defendants deny the allegations contained in Paragraph 388 of the Complaint.

389. Defendants deny the allegations contained in Paragraph 389 of the Complaint.

390. Defendants deny the allegations contained in Paragraph 390 of the Complaint.

**CESAR OSWALDO VIVAS ICHAPANTA**

391. Defendants deny the allegations contained in Paragraph 391 of the Complaint.

392. Defendants deny the allegations contained in Paragraph 392 of the Complaint.

393. Defendants deny the allegations contained in Paragraph 393 of the Complaint.

394. Defendants deny the allegations contained in Paragraph 394 of the Complaint.

395. Defendants deny the allegations contained in Paragraph 395 of the Complaint.

396. Defendants deny the allegations contained in Paragraph 396 of the Complaint, except admit that, to the extent CESAR OSWALDO VIVAS ICHAPANTA was an employee of Legacy, CESAR OSWALDO VIVAS ICHAPANTA received payroll checks.

397. Defendants deny the allegations contained in Paragraph 397 of the Complaint.

398. Defendants deny the allegations contained in Paragraph 398 of the Complaint.

399. Defendants deny the allegations contained in Paragraph 399 of the Complaint.

400. Defendants deny the allegations contained in Paragraph 400 of the Complaint.

401. Defendants deny the allegations contained in Paragraph 401 of the Complaint.

402. Defendants deny the allegations contained in Paragraph 402 of the Complaint.

403. Defendants deny the allegations contained in Paragraph 403 of the Complaint.

## CELSO AJXUP CAGUAY

404. Defendants deny the allegations contained in Paragraph 404 of the Complaint.

405. Defendants deny the allegations contained in Paragraph 405 of the Complaint.

406. Defendants deny the allegations contained in Paragraph 406 of the Complaint.

407. Defendants deny the allegations contained in Paragraph 407 of the Complaint.

408. Defendants deny the allegations contained in Paragraph 408 of the Complaint.

409. Defendants deny the allegations contained in Paragraph 409 of the Complaint, except admit that, to the extent CELSO AJXUP CAGUAY was an employee of Legacy, CELSO AJXUP CAGUAY received payroll checks.

410. Defendants deny the allegations contained in Paragraph 410 of the Complaint.

411. Defendants deny the allegations contained in Paragraph 411 of the Complaint.

412. Defendants deny the allegations contained in Paragraph 412 of the Complaint.

413. Defendants deny the allegations contained in Paragraph 413 of the Complaint.

414. Defendants deny the allegations contained in Paragraph 414 of the Complaint.

415. Defendants deny the allegations contained in Paragraph 415 of the Complaint.

416. Defendants deny the allegations contained in Paragraph 416 of the Complaint.

## CARLOS VIVANCO CARRILLO

417. Defendants deny the allegations contained in Paragraph 417 of the Complaint.

418. Defendants deny the allegations contained in Paragraph 418 of the Complaint.

419. Defendants deny the allegations contained in Paragraph 419 of the Complaint.

420. Defendants deny the allegations contained in Paragraph 420 of the Complaint.

421. Defendants deny the allegations contained in Paragraph 421 of the Complaint.

422. Defendants deny the allegations contained in Paragraph 422 of the Complaint, except admit that, to the extent CARLOS VIVANCO CARRILLO was an employee of Legacy, CARLOS VIVANCO CARRILLO received payroll checks.

423. Defendants deny the allegations contained in Paragraph 423 of the Complaint.

424. Defendants deny the allegations contained in Paragraph 424 of the Complaint.

425. Defendants deny the allegations contained in Paragraph 425 of the Complaint.

426. Defendants deny the allegations contained in Paragraph 426 of the Complaint.

427. Defendants deny the allegations contained in Paragraph 427 of the Complaint.

428. Defendants deny the allegations contained in Paragraph 428 of the Complaint.

429. Defendants deny the allegations contained in Paragraph 429 of the Complaint.

**CARLA PATRICIA ARCOS JACOME**

430. Defendants deny the allegations contained in Paragraph 430 of the Complaint.

431. Defendants deny the allegations contained in Paragraph 431 of the Complaint.

432. Defendants deny the allegations contained in Paragraph 432 of the Complaint.

433. Defendants deny the allegations contained in Paragraph 433 of the Complaint.

434. Defendants deny the allegations contained in Paragraph 434 of the Complaint.

435. Defendants deny the allegations contained in Paragraph 435 of the Complaint, except admit that, to the extent CARLA PATRICIA ARCOS JACOME was an employee of Legacy, CARLA PATRICIA ARCOS JACOME received payroll checks.

436. Defendants deny the allegations contained in Paragraph 436 of the Complaint.

437. Defendants deny the allegations contained in Paragraph 437 of the Complaint.

438. Defendants deny the allegations contained in Paragraph 438 of the Complaint.

439. Defendants deny the allegations contained in Paragraph 439 of the Complaint.

440. Defendants deny the allegations contained in Paragraph 440 of the Complaint.

441. Defendants deny the allegations contained in Paragraph 441 of the Complaint.

442. Defendants deny the allegations contained in Paragraph 442 of the Complaint.

**ALDO TOME**

443. Defendants deny the allegations contained in Paragraph 443 of the Complaint.

444. Defendants deny the allegations contained in Paragraph 444 of the Complaint.

445. Defendants deny the allegations contained in Paragraph 445 of the Complaint.

446. Defendants deny the allegations contained in Paragraph 446 of the Complaint.

447. Defendants deny the allegations contained in Paragraph 447 of the Complaint.

448. Defendants deny the allegations contained in Paragraph 448 of the Complaint, except admit that, to the extent ALDO TOME was an employee of Legacy, ALDO TOME received payroll checks.

449. Defendants deny the allegations contained in Paragraph 449 of the Complaint.

450. Defendants deny the allegations contained in Paragraph 450 of the Complaint.

451. Defendants deny the allegations contained in Paragraph 451 of the Complaint.

452. Defendants deny the allegations contained in Paragraph 452 of the Complaint.

453. Defendants deny the allegations contained in Paragraph 453 of the Complaint.

454. Defendants deny the allegations contained in Paragraph 454 of the Complaint.

455. Defendants deny the allegations contained in Paragraph 455 of the Complaint.

**LUIS FABIAN CHACHA SHULQUI**

456. Defendants deny the allegations contained in Paragraph 456 of the Complaint.

457. Defendants deny the allegations contained in Paragraph 457 of the Complaint.

458. Defendants deny the allegations contained in Paragraph 458 of the Complaint.

459. Defendants deny the allegations contained in Paragraph 459 of the Complaint.

460. Defendants deny the allegations contained in Paragraph 460 of the Complaint.

461. Defendants deny the allegations contained in Paragraph 461 of the Complaint, except admit that, to the extent LUIS FABIAN CHACHA SHULQUI was an employee of Legacy, LUIS FABIAN CHACHA SHULQUI received payroll checks.

462. Defendants deny the allegations contained in Paragraph 462 of the Complaint.

463. Defendants deny the allegations contained in Paragraph 463 of the Complaint.

464. Defendants deny the allegations contained in Paragraph 464 of the Complaint.

465. Defendants deny the allegations contained in Paragraph 465 of the Complaint.

466. Defendants deny the allegations contained in Paragraph 466 of the Complaint.

467. Defendants deny the allegations contained in Paragraph 467 of the Complaint.

468. Defendants deny the allegations contained in Paragraph 468 of the Complaint.

**AS TO THE COLLECTIVE ACTION ALLEGATIONS**

469. Paragraph 469 of the Complaint states a legal conclusion as to which no response is required. To the extent any factual allegations require a response, the same are denied.

470. Paragraph 470 of the Complaint states a legal conclusion as to which no response is required. To the extent any factual allegations require a response, the same are denied.

471. Defendants deny the allegations contained in Paragraph 471 of the Complaint.

472. Defendants deny the allegations contained in Paragraph 472 of the Complaint.

473. Defendants deny the allegations contained in Paragraph 473 of the Complaint.

474. Defendants deny the allegations contained in Paragraph 474 of the Complaint.

475. Defendants deny the allegations contained in Paragraph 475 of the Complaint.

476. Defendants deny the allegations contained in Paragraph 476 of the Complaint.

477. Defendants deny the allegations contained in Paragraph 477 of the Complaint.

478. Paragraph 478 of the Complaint states a legal conclusion as to which no response is required. To the extent any factual allegations require a response, the same are denied.

479. Paragraph 479 of the Complaint states a legal conclusion as to which no response is required. To the extent any factual allegations require a response, the same are denied.

480. Paragraph 480 of the Complaint states a legal conclusion as to which no response is required. To the extent any factual allegations require a response, the same are denied.

481. Paragraph 481 of the Complaint states a legal conclusion as to which no response is required. To the extent any factual allegations require a response, the same are denied.

## AS TO THE FEDERAL RULE OF CIVIL PROCEDURE RULE 23 CLASS ALLEGATIONS

482. Paragraph 482 of the Complaint states a legal conclusion as to which no response is required. To the extent any factual allegations require a response, the same are denied.

483. Paragraph 483 of the Complaint states a legal conclusion as to which no response is required. To the extent any factual allegations require a response, the same are denied.

484. Paragraph 484 of the Complaint states a legal conclusion as to which no response is required. To the extent any factual allegations require a response, the same are denied.

485. Defendants deny the allegations contained in Paragraph 485 of the Complaint.

486. Defendants deny the allegations contained in Paragraph 486 of the Complaint.

487. Defendants deny the allegations contained in Paragraph 487 of the Complaint.

488. Paragraph 488 of the Complaint states a legal conclusion as to which no response is required. To the extent any factual allegations require a response, the same are denied.

## AS TO THE FIRST CAUSE OF ACTION
## Overtime Wages Under The Fair Labor Standards Act

489. In response to Paragraph 489 of the Complaint, Defendants repeat and reallege their answers to the allegations in the preceding paragraphs of the Complaint as if fully stated herein.

490. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 490 of the Complaint and leaves Plaintiffs to their proofs.

491. Paragraph 491 of the Complaint states a legal conclusion as to which no response is required. To the extent any factual allegations require a response, the same are denied.

492. Paragraph 492 of the Complaint states a legal conclusion as to which no response is required. To the extent any factual allegations require a response, the same are denied.

493. Defendants deny the allegations contained in Paragraph 493 of the Complaint.

494. Defendants deny the allegations contained in Paragraph 494 of the Complaint.

495. Defendants deny the allegations contained in Paragraph 495 of the Complaint.

**AS TO THE SECOND CAUSE OF ACTION**
**Overtime Wages Under New York Labor Law**

496. In response to Paragraph 496 of the Complaint, Defendants repeat and reallege their answers to the allegations in the preceding paragraphs of the Complaint as if fully stated herein.

497. Paragraph 497 of the Complaint states a legal conclusion as to which no response is required. To the extent any factual allegations require a response, the same are denied.

498. Defendants deny the allegations contained in Paragraph 498 of the Complaint.

499. Defendants deny the allegations contained in Paragraph 499 of the Complaint.

**AS TO THE THIRD CAUSE OF ACTION**
**Unpaid Wages Under The Fair Labor Standards Act**

500. In response to Paragraph 500 of the Complaint, Defendants repeat and reallege their answers to the allegations in the preceding paragraphs of the Complaint as if fully stated herein.

501. Defendants deny the allegations contained in Paragraph 501 of the Complaint.

502. Defendants deny the allegations contained in Paragraph 502 of the Complaint.

503. Defendants deny the allegations contained in Paragraph 503 of the Complaint.

**AS TO THE FOURTH CAUSE OF ACTION**
**Unpaid Wages Under The New York Labor Law**

504. In response to Paragraph 504 of the Complaint, Defendants repeat and reallege their answers to the allegations in the preceding paragraphs of the Complaint as if fully stated herein.

505. Paragraph 505 of the Complaint states a legal conclusion as to which no response is required. To the extent any factual allegations require a response, the same are denied.

506. Defendants deny the allegations contained in Paragraph 506 of the Complaint.

507. Defendants deny the allegations contained in Paragraph 507 of the Complaint.

**AS TO THE FIFTH CAUSE OF ACTION**
**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

508. In response to Paragraph 508 of the Complaint, Defendants repeat and reallege their answers to the allegations in the preceding paragraphs of the Complaint as if fully stated herein.

509. Defendants deny the allegations contained in Paragraph 509 of the Complaint.

510. Defendants deny the allegations contained in Paragraph 510 of the Complaint.

**AS TO THE SIXTH CAUSE OF ACTION**
**Violation of the Wage Statement Requirements of the New York Labor Law**

511. In response to Paragraph 511 of the Complaint, Defendants repeat and reallege their answers to the allegations in the preceding paragraphs of the Complaint as if fully stated herein.

512. Defendants deny the allegations contained in Paragraph 512 of the Complaint.

513. Defendants deny the allegations contained in Paragraph 513 of the Complaint.

**PRAYER FOR RELIEF**

Defendants deny the allegations set forth in the WHEREFORE clause and its subparts and denies that Plaintiff is entitled to any of the relief sought therein. Instead, Defendants respectfully submit they are entitled to judgment in their favor dismissing each count of Plaintiff's Complaint in its entirety.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted against Defendants under, *inter alia*, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., the New York Labor Law ("NYLL"), and the regulations promulgated thereunder.

**SECOND AFFIRMATIVE DEFENSE**

The Complaint fails to allege any material facts or circumstances purportedly supporting Plaintiffs' claims that are, or ever were, within Defendants' knowledge. Furthermore, Plaintiffs' allegations are based on information and belief and are insufficiently pled to establish liability against these Defendants.

**THIRD AFFIRMATIVE DEFENSE**

At all times relevant hereto, Defendants acted in good faith and had reasonable grounds for believing that their actions and pay practices were in compliance with the FLSA and the NYLL.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver, including but not limited to any claims arising from periods during which Plaintiffs voluntarily accepted the compensation paid to them without objection or complaint.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel, including but not limited to estoppel arising from Plaintiffs' failure to timely assert claims, their representation of hours worked, or their conduct in accepting compensation.

**SEVENTH AFFIRMATIVE DEFENSE**

Any damages suffered by Plaintiffs are the result of the acts or omissions of third parties, persons, or entities over whom Defendants lack control, to which liability should be apportioned.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred because they have not suffered any actual damages.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by exclusions, exceptions, credits, recoupment, or offsets permissible under the FLSA and NYLL, including but not limited to any wages, bonuses, premiums, or other compensation already paid to Plaintiffs that should be credited against any alleged unpaid wages.

**TENTH AFFIRMATIVE DEFENSE**

Defendants Legacy and Caldwell are not "employers" within the meaning of the FLSA, 29 U.S.C. § 203(d), or the NYLL with respect to some or all of the named Plaintiffs and putative class and collective action members. Defendants deny that they exercised sufficient control over Plaintiffs' terms and conditions of employment to establish an employment relationship or joint employer status.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims against Defendants are barred, in whole or in part, to the extent some or all of the named Plaintiffs and putative class and collective action members were not employed by Legacy or Caldwell, or were employed by separate and distinct entities with no employment relationship to these Defendants.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs are barred from pursuing their claims before this Court to the extent they executed agreements with one or more of the Defendants containing class action waivers and/or agreements to submit employment disputes to binding arbitration.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The claims of the named Plaintiffs and putative class members are not susceptible to class certification under Federal Rule of Civil Procedure 23 because: (a) the putative class is not so

numerous that joinder of all members is impracticable; (b) there are no questions of law or fact common to the class; (c) the claims of the named Plaintiffs are not typical of the claims of the putative class; (d) the named Plaintiffs will not fairly and adequately protect the interests of the class; and (e) a class action is not superior to other available methods for the fair and efficient adjudication of the claims.

**FOURTEENTH AFFIRMATIVE DEFENSE**

This action is not appropriate for treatment as a collective action under the FLSA, 29 U.S.C. § 216(b), because Plaintiffs and other alleged collective action members are not "similarly situated" with respect to their job duties, pay practices, work schedules, employment periods, supervision, or alleged damages. The putative collective action members' claims present individualized inquiries that predominate over any common issues.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims under the FLSA are barred, in whole or in part, to the extent any alleged overtime violations were not willful, precluding any recovery of liquidated damages.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches, as Plaintiffs unreasonably delayed in asserting their claims, thereby prejudicing Defendants in their ability to defend against such claims, including by loss of records and witness unavailability.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiffs seek to impose liability on Defendants based upon a joint employer, single integrated enterprise, or construction industry wage theft theory under N.Y. Lab. Law § 198-e, Defendants deny that the elements of such theories are satisfied and deny that they may be held jointly and severally liable with any co-defendant entities for the alleged wage violations.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Defendant Barry Philip Caldwell is not individually liable under the FLSA or NYLL because he did not possess or exercise sufficient operational control over Plaintiffs' employment to constitute an "employer" under those statutes. Caldwell denies that he had the power to hire and fire employees, supervise and control work schedules or conditions of employment, determine rates of pay, or maintain employment records of the named Plaintiffs or putative class members.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Defendants maintained accurate records of hours worked and wages paid to Plaintiffs in accordance with applicable law.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiffs' claims for statutory penalties under N.Y. Lab. Law § 195 for alleged failures to provide wage notices and wage statements are barred, in whole or in part, because Plaintiffs cannot demonstrate any actual injury or compensable harm resulting from any alleged notice or recordkeeping deficiencies.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' claims for overtime compensation are barred, in whole or in part, because some or all of the named Plaintiffs and putative class members did not actually work the hours alleged in the Complaint, or worked fewer overtime hours than alleged.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' damages, if any, should be reduced by the doctrine of mitigation to the extent Plaintiffs failed to mitigate their alleged damages.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Defendants are entitled to contribution and/or indemnification from co-defendants KLSContractors1 LLC, Rise Concrete LLC, Rise Development Partners, LLC, Jose Alvarez, and Martin J. Bruton for any amounts for which Defendants may be found liable.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

The FLSA and NYLL do not provide for class-wide or collective-wide liability, and any determination of liability, if any, must be made on an individual basis with respect to each named Plaintiff and putative class member based upon individualized proof of their respective employment relationship with Defendants, hours worked, wages paid, and damages claimed.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Defendants reserve the right to amend their Answer to the Complaint and to assert additional affirmative defenses and/or supplement, alter, or modify this Answer upon the revelation of more definite facts and/or upon completion of further investigation and discovery.

WHEREFORE, Defendants respectfully request that the Court dismiss the Complaint, with prejudice, awarding the Defendants their costs, attorneys' fees, expenses, and any other additional and further relief as the Court deems just and appropriate under the circumstances.

Dated: June 18, 2026
New York, New York

/s/ *Wendy Chavez*

Brian L. Gardner, Esq.
Wendy Chavez, Esq.
COLE SCHOTZ P.C.
1325 Avenue of the Americas, 19th Floor
New York, NY 10019
(212) 752-8000
*Counsel for Defendants Legacy Contractor NYC LLC and Barry Philip Caldwell*